**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff<br>v.<br><br>THOMAS L. MENARD<br>Defendant<br>and<br><br>ADAM SHIPPEE<br>Defendant<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br>Defendants | : | CA 06 395 T<br><br>C.A. No. |

**PRUDENTIAL INSURANCE COMPANY OF AMERICA'S COMPLAINT FOR INTERPLEADER RELIEF**

The Prudential Insurance Company of America ("Prudential"), for its Complaint for Interpleader Relief, avers the following:

**COMPLAINT FOR INTERPLEADER RELIEF**

Plaintiff, Prudential, by its attorneys, for its complaint for interpleader relief, pursuant to Rule 22 of the Federal Rules of Civil Procedure, against defendants, Thomas L. Menard, Adam Shippee, Kylina Braga, Brandon Shippee, Dylana Shippee and Does 1-5, states as follows:

**PARTIES**

1. Prudential is an insurance company incorporated under the laws of the State of New Jersey with its principal place of business located at 751 Broad Street, Newark, New Jersey, and is authorized to do business, *inter alia*, in the State of Rhode Island.

2. Dawn Shippee who resided at 432 Fairview Avenue Coventry, Rhode Island, 02816 was insured under Prudential Life Insurance Policy No. 74940295 ("Policy") with a death benefit of $50,000 and an accidental death benefit of an additional $50,000. Ms. Shippee ("Decedent" or "Insured") died on or about December 29, 2002.

3. Defendant, Thomas L. Menard is an adult individual who is a citizen of the United States, is resident of the State of Rhode Island with an address of P.O. Box 64, West Warwick and is the father of the Decedent.

4. Defendant, Adam Shippee, is the former husband of the Decedent who is a citizen of the United States and resident of the State of Rhode Island with an address of 800 Washington Street, Coventry.

5. Defendants, Kylina Braga, a minor, residing at 37 Forest Avenue, Cumberland, Rhode Island; Brandon Shippee, a minor, residing at 800 Washington Street, Coventry, Rhode Island and Dylana Shippee, a minor, residing at 800 Washington Street, Coventry, Rhode Island are children of the Decedent. Does 1-5 are other heirs of the Decedent.

## JURISDICTION

6. Jurisdiction is granted upon this court as, pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that Prudential and the defendants are citizens of different states. Prudential is a New Jersey corporation and its principal place of business is located in Newark, New Jersey. The defendants are individuals residing in Rhode Island. Thus, diversity of citizenship exists. Moreover, the amount in controversy exceeds $75,000 as Policy has a death benefit of $50,000.00 and an accidental death benefit of $50,000.00.

7. Venue is proper in this jurisdiction as the Deceased lived and died in this jurisdiction.

**FACTUAL BACKGROUND**

8. Upon the death of Dawn Shippee under the terms of the Policy, Prudential became obligated to pay the death benefits proceeds ("Proceeds").

9. Thomas Menard is named as the primary beneficiary on the Policy and submitted a claim to Prudential for the Proceeds on or about April 16, 2003.

10. Included with the claim form submitted by Thomas Menard was a Death Certificate which set forth the cause of Decedent death as "Pending further studies." As a result of this information and in accordance with its standard practices and procedures, Prudential began an investigation into the death of Dawn Shippee.

11. During its investigation, Prudential was informed by the Rhode Island State Police that the death of the Decedent was considered to be a homicide, that law enforcement's investigation was ongoing and that Thomas Menard was a suspect in the homicide.

12. Prudential's investigation has been ongoing from its receipt of the claim by Thomas Menard. Throughout the investigation, every inquiry by Prudential to law enforcement has confirmed that the criminal investigation is ongoing and that Thomas Menard remains a suspect in the homicide of his daughter, Dawn Shippee.

13. Since the criminal investigation is ongoing and since Prudential is not privy to all of the facts and information possessed by law enforcement, Prudential cannot make a determination as to whether Thomas Menard is a rightfully entitled to the Proceeds.

14. Thomas Menard, through counsel, has demanded payment of the claim.

15. Under R.I. Gen. Laws § 33-1.1-11 *et seq.*, a beneficiary who murders the insured is disqualified from receiving the proceeds from the insurance policy.

16. If Mr. Menard was, in fact involved in the homicide of the Insured his activities would disqualify him as a beneficiary.

17. The contingent beneficiary under the Policy, the mother of the Decedent, Susan Menard, predeceased Ms. Shippee.

18. Should Thomas Menard be disqualified, pursuant to R.I. Gen. Laws § 33-1.1-11 *et seq*., then under the terms of the Policy and by operation of law, the Estate of the Insured would be entitled to the Proceeds.

19. Prudential believes that Adam Shippee, Kylina Braga, Brandon Shippee, Dylana Shippee and Does 1-5 would be the heirs of the Estate of the Insured.

20. Prudential is willing to pay the Proceeds due and owing on account of the death of Dawn Shippee pursuant to the provisions of the Policy.

21. Prudential has filed this complaint for interpleader relief of its own free will to avoid multiple liability.

22. Prudential desires to deposit the Proceeds with the Clerk of this Court, said sum to abide the further order of this Court.

WHEREFORE, Prudential requests the following relief:

A. That this Court grant Prudential leave to deposit its admitted liability with accumulated interest with the Clerk of this Court;

B. That Thomas L. Menard, Adam Shippee, Kylina Braga, Brandon Shippee and Dylana Shippee be enjoined preliminarily during the pendency of this suit, and thereafter permanently enjoined, from instituting or prosecuting against Prudential in a proceeding in any state or commonwealth or United States Court or administrative tribunal affecting the insurance Proceeds due under the Policy and on account of the death of Dawn Shippee, and that said injunction issue without bond or surety;

C. That the defendants, and each of them, be required to make full and complete answer to this complaint for interpleader relief and to set forth to which of them the insurance proceeds, or any part thereof, rightfully belong, and how they make their claims thereto;

D. That this Court determine and declare the rights of the defendants, and each of them, to the life insurance Proceeds due and owing under the Policy;

E. That the Court discharge Prudential of and from any and all liability for any insurance proceeds payable on account of the death of Dawn Shippee;

F. That this Court excuse Prudential from further attendance upon this cause and dismiss Prudential from this case with prejudice;

G. That this Court grant Prudential such other and further relief as this Court deems just and equitable, including its attorneys fees incurred in this case pursuant to equity and other applicable law, filing and prosecuting said sum to be deducted from the amount due and owing under the Policy;

H. That this Court appoint guardians ad litem for the minor defendants, Kylina Braga, Brandon Shippee and Dylana Shippee.

Respectfully submitted,

Plaintiff,

The Prudential Insurance Company of America,

By: ______________________________

Patrick B. Landers, BBO #: 4930
Counsel for Plaintiff,
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th floor
Boston, MA 02110
617-422-5300

September 1, 2006