UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

Vs. C.A. NO. 06-395T

THOMAS L. MENARD
AND
ADAM SHIPPEE
KYLINA BRAGA,
BRANDON SHIPPEE
DYLANA SHIPPEE
AND DOES 1-5

**DEFENDANT ADAM SHIPPEE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER RELIEF**

1. Defendant, Adam Shippee, affirms the allegations in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant, Adam Shippee, affirms the allegations in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant, Adam Shippee, affirms the allegations in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant, Adam Shippee, affirms that he is the husband of the late Dawn Shippee and admits he is a citizen of the United States and resident of the State of Rhode Island with an address of 800 Washington Street, Coventry.

5. Defendant, Adam Shippee, affirms the allegations of Plaintiff's Complaint as to the identities of Defendants Kylina Braga, Brandon Shippee and Dylana Shippee. Defendant, Adam Shippee, is unaware as to the existence of any other heirs of the Decedent.

6. Defendant, Adam Shippee, affirms the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant, Adam Shippee, affirms the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant, Adam Shippee, affirms the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 9 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

10. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 10 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

11. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 11 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

12. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 12 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

13. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 13 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

14. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 9 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

15. Defendant, Adam Shippee, affirms the allegations in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant, Adam Shippee, affirms the allegations in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant, Adam Shippee, affirms the allegations in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant, Adam Shippee, affirms the allegations in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant, Adam Shippee, affirms the allegations in Paragraph 19 as to Adam Shippee, Kylina Braga, Brandon Shippee and Dylana Shippee and is without sufficient information to form a belief as to the truth as to the existence of Does 1-5.

20. Defendant, Adam Shippee, is without sufficient information to form a

belief as to the truth of the allegations of Paragraph 20 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

21. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 21 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

22. Defendant, Adam Shippee, is without sufficient information to form a belief as to the truth of the allegations of Paragraph 22 of the Plaintiff's Complaint and leaves Plaintiff to its proof thereof.

Wherefore, the Defendant, Adam Shippee requests that he receives relief:

1. That this Court grant Prudential leave to deposit its admitted liability with accumulated interest with the Clerk of this Court.

2. That Thomas L. Menard, Adam Shippee, Kylina Braga, Brandon Shippee and Dylana Shippee be enjoined preliminarily during the pendency of this suit, and thereafter permanently enjoined, from instituting or prosecuting against Prudential in a proceeding in any state or commonwealth or United States Court or administrative tribunal affecting the insurance Proceeds due under the Policy and on account of the death of Dawn Shippee, and that said injunction issue without bond or surety.

3. That the Court Order that if Defendant, Thomas Menard, is disqualified pursuant to R.I. Gen. Laws §33-1.1.-11 et seq. then the Estate of the Insured would be entitled to the proceeds.

4. That Adam Shippee be declared the surviving husband of the late insured and that he then be further awarded his statutory share of his late wife's Estate pursuant to R.I. Gen. Laws §33-1.1.-10, et seq.

5. That the Court discharge Prudential of and from any and all liability for any insurance proceeds payable on account of the death of Dawn Shippee

6. That this Court excuse Prudential from further attendance upon this cause and dismiss Prudential from this case with prejudice.

7. That this Court grant Prudential such other and further relief as this Court deems just and equitable, including its attorneys fees incurred in this case pursuant to equity and other applicable law,

filing and prosecuting said sum to be deducted from the amount due and owning under the Policy.

8. That this Court appoint guardians ad litem for the minor defendants, Kylina Braga, Brandon Shippee and Dylana Shippee.

Adam Shippee
By his attorney
Jean A Boulanger
JEAN A. BOULANGER, ESQ.
1035 Main Street
Coventry, Rhode Island 02816
(401) 821-3537
Bar # 2574

**CERTIFICATION**

The undersigned hereby certifies that on the 4th day of October, 2006, a true and accurate copy of the within Defendant Adam Shippee's Answer to Plaintiff's Complaint for Interpleader Relief was forwarded by regular mail, first class, postage prepaid, to Attorney Patrick Landers, Wilson Elson, 155 Federal Street, Boston, MA 02110.

Jean A Boulanger