UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff<br>v.<br><br>THOMAS MENARD<br>Defendant<br>and<br><br>ADAM SHIPPEE<br>Defendant<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br>Defendants | : | C.A. No.: 06-395T |

**DEFENDANT, THOMAS MENARD'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER RELIEF**

Defendant, Thomas Menard, by and through the undersigned counsel, answers the Complaint as follows:

1. Defendant is without sufficient information so as to form a belief with respect to the averments set for in paragraph 1 and therefore neither admits nor denies said averments, but leaves plaintiff to its proof of same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant admits that Kylina Braga, Brandon Shippee and Dylana Shippee are minor children of the decedent Dawn Shippee. Defendant is without sufficient information to either admit or deny the remaining averments of paragraph 5 and thereby leaves plaintiff to its proof same.

6. Defendant admits that the amount in controversy exceeds the $75,000.00 jurisdictional limitation. As to the remaining averments set forth in paragraph 6,

defendant neither admits nor denies said averments thereby leaving plaintiff to its proof of same.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant admits that he submitted a claim form with a death certificate. Defendant neither admits nor denies the remaining averments set forth in paragraph 10 and thereby leaves plaintiff to its proof of same.

11. Defendant is without sufficient information so as to either admit or deny the averments set forth in paragraph 11 of plaintiff's complaint and thereby leaves plaintiff to its proof of same.

12. Defendant is without sufficient information so as to either admit or deny the averments set forth in paragraph 12 of plaintiff's complaint and thereby leaves plaintiff to its proof of same.

13. Defendant is without sufficient information so as to either admit or deny the averments set forth in paragraph 13 of plaintiff's complaint and thereby leaves plaintiff to its proof of same.

14. Admitted.

15. The averments contained in paragraph 15 require a legal conclusion and as such require no response from this defendant. Therefore, defendant leaves plaintiff to its proof.

16. The averments contained in paragraph 16 require a legal conclusion and as such require no response from this defendant. Therefore, defendant leaves plaintiff to its proof.

17. Admitted.

18. The averments contained in paragraph 18 require a legal conclusion and as such require no response from this defendant. Therefore, defendant leaves plaintiff to its proof.

19. The averments contained in paragraph 19 require a legal conclusion and as such require no response from this defendant. Therefore, defendant leaves plaintiff to its proof.

20. The averments set forth in this paragraph require no response from this defendant and therefore defendant neither admits nor denies said averments but leaves plaintiff to its proof of same.

21. The averments set forth in this paragraph require no response from this defendant and therefore defendant neither admits nor denies said averments but leaves plaintiff to its proof of same.

22. The averments set forth in this paragraph require no response from this defendant and therefore defendant neither admits nor denies said averments but leaves plaintiff to its proof of same.

## DEFENDANT MENARD'S AFFIRMATIVE DEFENSE/COUNTER CLAIM AGAINST PLAINTIFF PRUDENTIAL INSURANCE COMPANY OF AMERICA

1. Defendant Menard/counter claimant (hereinafter **MENARD**) is and was at all times material hereto the named beneficiary upon the life insurance policy issued by Plaintiff/counter claim defendant The Prudential Insurance Company of America (hereinafter **PRUDENTIAL),** said policy being issued to decedent Dawn Shippee on or about August 23, 1989.

2. **PRUDENTIAL** sold said policy to decedent and agreed to pay benefits upon the death of decedent in exchange for premium payments, thereby entering into a contract with decedent Dawn Shippee.

3. At all time material hereto the premiums were paid upon said policy by **MENARD** thereby fulfilling decedent's contractual obligations.

4. The insurance contract named **MENARD** as primary beneficiary under said policy.

5. On or about February 29, 2002, decedent Dawn Shippee died and her death was an "Accidental Death" as defined by said contract, thereby resulting in a double indemnity benefit as further defined by said policy.

6. **MENARD** has made proper claim as the "primary beneficiary" for the proceeds of said policy, including but not limited to, the face amount of the policy ($50,000.00) together with the "Accidental Death Benefit" ($50,000.00), for a total amount of $100,000.00 together with interest thereon.

7. Upon information and belief, no other person(s) has made claim to the policy benefits.

8. **PRUDENTIAL** has refused to make payments since said demands were made by **MENARD**.

9. **PRUDENTIAL** has acted in bad faith in refusing to pay benefits to **MENARD** thereby requiring him to obtain counsel in order to pursue his contractual rights as beneficiary under the terms of the policy in question.

10. **MENARD** is the primary beneficiary of said policy and is entitled to the benefits of $100,000.00, together with interest accrued thereon and attorney's fees incurred in the prosecution of his contractual right.

11. Wherefore, **MENARD** demands relief against **PRUDENTIAL** as follows:

A. That this Court deny **PRUDENTIAL'S** prayer for relief and that the Court order **PRUDENTIAL** to pay benefits to **MENARD** in the amount of $100,000.00, together with interest, costs and attorney's fees;

B. That this Court not enjoin **MENARD** from instituting or prosecuting additional claims against **PRUDENTIAL**;

C. That this Court not discharge **PRUDENTIAL** from liability for insurance proceeds and further attendance upon this claim and/or related claims raised by this counter-claim;

D. That the Court grant **MENARD** further relief as it deems just and equitable.

**Defendant THOMAS MENARD hereby claims a jury trial.**

Respectfully submitted,
Defendant/Counter Claimant,
Thomas L. Menard
By his Attorney,

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com

/s/ Fred Polacek
Fred Polacek (#2710)

55 Dorrance Street, Suite 200
Providence, RI 02903
(401) 861-5662
FAX: (401) 861-4792
E-mail: fred@fredpolaceklaw.com

CERTIFICATION

I hereby certify that on the 17th day of January, 2007, I caused the Defendant, Thomas Menard's Answer to Plaintiff's Complaint for Interpleader Relief, Affirmative Defense/Counterclaim to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification**:

**Patrick B. Landers**, Esq. Wilson Elser, 155 Federal Street, Boston, MA 02110, Email: patricak.landers@wilsonelser.com;

**Jean Alfred Boulanger,** Esq., Capaldi & Boulanger, 1035 Main Street, Coventry, RI 01816, Email: jab@cblaw.nexcoxmail.com

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com