**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff<br>v.<br><br>THOMAS L. MENARD<br>Defendant<br>and<br><br>ADAM SHIPPEE<br>Defendant<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br>Defendants | : | C.A. No. 06-395T |

**PLAINTIFF'S, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ANSWER TO DEFENDANT, THOMAS MENARD'S COUNTERCLAIM**

1. Prudential admits that it issued the subject policy to the decedent Dawn Shippee and further states that it need not admit nor deny the remaining allegations set forth in paragraph 1 of the Counterclaim as the policy, being in writing, speaks for itself.

2. Prudential admits it sold a policy of insurance on the life of the decedent, that premiums were paid, and that the policy is a contract. Prudential denies the remainder of the allegations contained in paragraph 2 of the Defendant's Counterclaim.

3. Prudential admits the policy premiums were paid.

4. Prudential neither admits nor denies the allegations contained in paragraph 4 of the Defendant's Counterclaim as the policy, being in writing, speaks for itself.

5. Prudential admits that it has been provided with a death certificate which indicated that the decedent died on February 29, 2002 and Prudential denies the remainder of the allegations not otherwise admitted. Further answering, Prudential states on information and belief that Dawn Shippee's death is under investigation as a possible homicide.

6. Prudential admits that Menard has made a claim for the proceeds and denies the remainder of the allegations contained in paragraph 6 of the Defendant's Counterclaim.

7. Prudential admits that no one other than Menard has made a formal claim for the policy benefits.

8. Prudential admits the allegations contained in paragraph 8 of the Defendant's Counterclaim and further answering Prudential states that it has not made payment to Counterclaim plaintiff because from the time of the decedent's death to the present date the cause and manner of her death has been under investigation by the Rhode Island State Police and the Counterclaim plaintiff's possible involvement in the death of the insured was called into question by law enforcement which if proven correct would by the terms of R.I.G.L. §33-1.1-11 disqualify the Counterclaim plaintiff from receiving the policy benefits.

9. Prudential denies the allegations contained in paragraph 9 of the Defendant's Counterclaim and further answering Prudential states that it has not made payment to Counterclaim plaintiff because from the time of the decedent's death to the present date the cause and manner of her death has been under investigation by the Rhode Island State Police and the Counterclaims plaintiff's possible involvement in the death of the insured was called into question by law enforcement which if proven correct would by the terms of R.I.G.L. §33-1.1-11 disqualify the Counterclaim plaintiff from receiving the policy benefits.

10. Prudential is without information sufficient to form a belief as to the truth of the matters asserted and calls upon the Counterclaim plaintiff to prove same.

11. Menard's prayer for relief speaks for itself, thus no response is required. To the extent a response is required, it is denied.

**WHEREFORE**, the Plaintiff/Counterclaim Defendant, The Prudential Insurance Company of America, respectfully requests that this Honorable Court dismiss all counterclaims against it and award it fees and costs and any other relief it deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant states by way of Affirmative Defense that Menard has failed to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, Plaintiff/Counterclaim Defendant states that its actions related to Menard's claim were taken in good faith and pursuant to possible application of the provisions of R.I.G.L. §33-1.1-11.

**THIRD AFFIRMATIVE DEFENSE**

By way of affirmative defense, Plaintiff/Counterclaim Defendant states that each and every act done or statement made by Prudential was a good faith assertion of its rights and obligations therefore was privileged and/or justified and taken in light of the possible application of the provisions of R.I.G.L. §33-1.1-11.

**FOURTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Plaintiff/Counterclaim Defendant states that it cannot determine whether it is liable to Menard for death benefits, hence the necessity of filing said Interpleader action.

**FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Plaintiff/Counterclaim Defendant states that each and every act done or statement made by Plaintiff/Counterclaim Defendant with reference to Menard was a good faith assertion of Plaintiff/Counterclaim Defendant's rights and therefore was privileged and/or justified.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Plaintiff/Counterclaim Defendant states that Menard's claims are barred by the doctrines of estoppel, waiver and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Plaintiff/Counterclaim Defendant reserves its right to assert additional defenses up to time of trial.

Respectfully submitted,

Plaintiff/Counterclaim Defendant,

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

By: /s/ Kara Thorvaldsen
Patrick B. Landers, #4930
Kara Thorvaldsen, #7241
Counsel for Plaintiff,
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street, 5th floor
Boston, MA 02110
617-422-5300

**Certificate of Service**

I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on February 6, 2007.

/s/ Kara Thorvaldsen