UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Plaintiff,
Defendant in Counterclaim,

v.

THOMAS L. MENARD

Defendant,
Plaintiff in Counterclaim,

and

ADAM SHIPPEE

Defendant,

and

KYLINA BRAGA,
BRANDON SHIPPEE,
DYLANA SHIPPEE
And DOES 1-5

Defendants.

CIVIL ACTION NO. 06-395T

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S STATEMENT OF ELEMENTS OF ITS CLAIM FOR INTERPLEADER RELIEF**

The Prudential Insurance Company of America ("Prudential") respectfully submits this Statement of Elements of its Claim for Interpleader Relief pursuant to the Court's Notice of Rule 16 Conference. Prudential filed this interpleader action because of the possibility that the named beneficiary of a life insurance policy issued by Prudential ("the Policy") may be barred by R.I.G.L. § 33-1.1-1 from receiving the Policy's death benefits. Prudential also anticipated that others might make claims to the proceeds.

## I. Plaintiff's Interpleader Action and Claim for Relief

Prudential has requested the following relief in its complaint:

1. That the Court grant Prudential leave to deposit its admitted liability with accumulated interest with the Clerk of this Court;
2. That the interpleader defendants be enjoined preliminarily during the pendency of this suit, and thereafter permanently enjoined, from instituting any action against Prudential in connection with the life insurance policy;
3. That the defendants answer the Complaint and set forth the grounds for their claims to the proceeds;
4. That this Court determine and declare the rights of the defendants to the life insurance Proceeds due and owing under the Policy;
5. That the Court discharge Prudential of and from any and all liability for any insurance payable on account of the death of Dawn Shippee;
6. That this Court excuse Prudential from further attendance upon this cause and dismiss Prudential from this case with prejudice;
7. That this Court grant Prudential such other and further relief as this Court deems just and equitable, including its attorneys fees;
8. That this Court appoint guardians *ad litem* for the minor defendants.

## II. Elements of Rule 22 Interpleader

1. Rule 22 of the Federal Rules of Civil Procedure provides for the institution of an interpleader action where "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."

2. The district court in which the interpleader action is brought pursuant to Rule 22 must have subject matter jurisdiction over the controversy, arising from either a federal question or diversity of the parties, and an amount in controversy that exceeds $75,000. Altas Corp. v. Marine Ins. Co. Ltd., 155 F.R.D. 454, 465 (S.D.N.Y. 1994).

3. Jurisdiction exists under Rule 22 when the citizenship of the stakeholder is diverse from that of the claimants, even if all the claimants share the same citizenship. Atlas Corp. v. Marine Ins. Co., Ltd., 155 F.R.D. 454, 465 (S.D.N.Y. 1994).

4. The district court has the authority to issue the requested injunction pursuant to 28 U.S. C. § 2283.

5. Under Fed. R. Civ. P. 22, depositing the disputed funds with the district court is not a jurisdictional prerequisite. John v. Sotheby's, Inc., 141 F.R.D. 29, 33 (S.D.N.Y. 1992) (citing National Union Fire Ins. Co. v. Ambassador Group, Inc., 691 F.Supp. 618, 621 (E.D.N.Y.1988); Nationwide Mutual Ins. Co. v. Eckman, 555 F.Supp. 775, 778 (D.Del.1983); 3A James W. Moore, *et al*., Moore's Federal Practice ¶ 22.10 (2d ed. 1989)).

6. The district court does, however, have the discretion to take possession of the disputed funds pursuant to Fed. R.Civ. P. 67. See Gulf States Util. Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir.), modified on other grounds, 831 F.2d 557 (5th Cir.1987); Bauer v. Uniroyal Tire Co., 630 F.2d 1287, 1290 n. 4 (8th Cir.1980).

7. The requirement that the interpleader plaintiff "is or may be exposed to double or multiple liability" means that that there must be a "possibility of having to pay more than is justly due, no matter how improbable or remote." Pan Am. Fire & Casualty Co. v. Revere, 188 F.Supp. 474, 480 (E.D.La. 1960).

8. "The stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952, 953-54 (2d Cir. 1953).

9. The claims or potential claims of the defendants to the interpleader action must be adverse. See, e.g., Grossman v. Mushlin, 493 F.Supp. 330, 333 (S.D.N.Y. 1980).

10. Where the beneficiary of a life insurance policy is suspected of slaying the insured individual, "an insurance company has a duty to clothe its disbursement of the proceeds of the policy with the protection of a judicial determination." Monumental Life Ins. Co. v. Lyons-Neder, 140 F.Supp.2d 1265, 1273 (M.D.Ala. 2001).

11. In cases where there is a claim that the beneficiary murdered the insured, "[a]n insurer faced with potential conflicting claims by a possible slayer and the insured's estate may absolve itself of excess liability by paying the proceeds into the registry of the court and filing an action in interpleader to determine the proper recipient." Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 940 (4th Cir. 1991).

12. "By initiating an interpleader action, the stakeholder is admitting that it holds funds that are not its own. . . . [A]n interpleading stakeholder cannot logically be subjected to a claim alleging bad faith refusal to pay" under such circumstances. Gilbert v. Congress Life Ins. Co., 646 So.2d 592, 594 (Ala. 1994).

## III. Discharge of the Disinterested Stakeholder

13. Discharge of a disinterested stakeholder is generally granted once the stakeholder has deposited all funds owed to the claimants into the registry of the court. See, e.g., Sun Life Assurance Company of Canada v. Thomas, 735 F.Supp. 730, 733 (W.D.Mich.1990);

United Bank of Denver v. Oxford Properties, Inc., 683 F.Supp. 755, 756 (D.Colo.1988); Federal Savings & Loan Ins. Corp. v. Bass, 576 F.Supp. 848, 851 (N.D.Ill. 1983).

**IV. Award of Attorneys Fees to Interpleader Plaintiff**

14. Generally, "a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein may in good faith interplead the several claimants, deposit fund involved in registry of court, and recover his reasonable costs and counsel fees out of such fund." Narragansett Bay Gardens, Inc. v. Grant Const. Co., 176 F.Supp. 451, 454 (D.R.I. 1959).

**V. Appointment of Guardians Ad Litem for the Minor Defendants**

15. "The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Fed. R. Civ. P. 17(c).

16. In an interpleader proceeding to determine rights to proceeds of life policy, it is proper for court to appoint guardian to represent interest of minor claimants. Mutual Life Ins. Co. of N.Y. v. Ginsburg, 228 F.2d 881 (3d Cir. 1956).

Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
By its Attorneys,

/s/ Joseph M. Codega
Joseph M. Codega, R.I. Bar #3612
Edward P. O'Leary
Fitzhugh, Parker & Alvaro LLP
37 Sockanosset Cross Road
Cranston, RI 02920
(401) 941-3220

Dated: May 2, 2007

CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on May 2, 2007 as follows:

Fred T. Polacek
fred@fredpolaceklaw.com

Jean Alfred Boulanger
jab@cblaw.necoxmail.com

Richard C. Bicki
rbickiesq@aol.com

/s/ Joseph M. Codega______