UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>Plaintiff/Defendant in Counterclaim,<br>v.<br><br>THOMAS L. MENARD<br><br>Defendant/Plaintiff in Counterclaim,<br>and<br><br>ADAM SHIPPEE<br><br>Defendant,<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br><br>Defendants. | CIVIL ACTION NO. 06-395T |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA TO DEPOSIT MONIES INTO THE COURT'S REGISTRY**

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, The Prudential Insurance Company of America ("Prudential") hereby moves this Court for an order allowing it to deposit the face amount of a Prudential life insurance policy, plus the policy's accidental death benefit together with applicable claim interest (collectively "the Proceeds"), into the Court's registry.

## STATEMENT OF FACTS

Prudential issued life insurance policy number 74940295 (the "Policy") to Dawn Shippee ("Dawn"). The Policy has a basic death benefit of $50,000, and an accidental death benefit of $50,000. Dawn died on December 29, 2002. Complaint ¶ 2. Defendant, Thomas L. Menard ("Menard") is Dawn's father as well as the Policy's primary beneficiary.[1] Complaint ¶¶ 3, 9. Defendant Adam Shippee is Dawn's former husband. Complaint ¶ 4. Defendants Kylina Braga, Brandon Shippee, Dylana Shippee are Dawn's children, and Does 1-5 are the other legal heirs of Dawn. Complaint ¶ 5.

On April 16, 2003 Menard submitted a claim to Prudential for the Policy's death benefits, and enclosed with the claim form was a Death Certificate ("Certificate") relating to Dawn. Complaint ¶¶9, 10. The Certificate identified the cause of Dawn's death as "Pending further studies," so Prudential began an investigation. Complaint ¶ 10. During its claims investigation Prudential repeatedly contacted the police department investigating Dawn's death, and each time the Rhode Island State Police informed Prudential that Dawn's death was considered a homicide, that the investigation was ongoing, and that Menard was considered a suspect in the murder. Complaint ¶¶ 11, 12. As a beneficiary of the Policy, if Menard's claim were later disqualified under R.I. Gen. Laws § 33-1.1-11, then other claimants would have viable claims. Complaint ¶ 15.

Due to the circumstances surrounding Dawn's death, and the fact that Menard had not been eliminated as a suspect, Prudential was legitimately concerned that conflicting claims may be submitted.[2] On September 1, 2006, Prudential filed its interpleader complaint to avoid

---

[1] The Policy's contingent beneficiary predeceased Dawn. Complaint ¶ 17.

multiple liability. Complaint ¶ 21. On October 4, 2006 defendant Adam Shippee filed his answer, and on January 7, 2007 Menard filed his answer and counterclaim.

**LAW AND ARGUMENT**

This is an action for rule interpleader brought pursuant to Rule 22 of the Federal Rules of Civil Procedure. As a disinterested stakeholder with regard to the Policy's death benefits, Prudential seeks the following relief: (i) to deposit with the Court the Proceeds of the Policy; (ii) to recover the reasonable costs and attorneys' fees it has incurred in connection with instituting this action and paying the funds into Court; and (iii) to be dismissed with prejudice from this litigation. In this motion, Prudential seeks only permission to pay the face value of the Policy plus interest into the Court.[3] Rule interpleader is often allowed in circumstances such as this. See e.g., Narragansett Bay Gardens, Inc. v. Grant Construction Co., 176 F.Supp.541 (1959)("It is admittedly the general rule, in the absence of a statute making provision to the contrary, that a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein, may in good faith interplead the several claimants, deposit the fund involved in the registry of the Court, and recover his reasonable costs and counsel fees out of such fund.")

It is established law that Prudential may join persons having claims against it as

---

[2] Indeed, some courts have held that an insurer acts at its peril in paying benefits to a beneficiary who may have killed the insured, requiring payment a second time after the beneficiary was later convicted of homicide of the insured. See Harper v. Prudential Ins. of America, 233 Kan. 358, 369-72 (1983).

[3] Should the Court grant this motion and allow Prudential to deposit the disputed insurance proceeds into the Court's registry, the only remaining issues to be decided will be whether Prudential is liable to Thomas L. Menard on his counterclaim and whether Prudential is entitled to its reasonable costs and attorneys' fees it has incurred in connection with instituting this action and paying the proceeds into Court.

defendants and require them "to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(1). Rule 22 sets forth a procedure whereby a disinterested stakeholder, such as Prudential, that is willing to pay the disputed money to a rightful claimant, may "put the money … in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." Commercial Union Ins. Co. v. United States, 999 F.2d 581, 583 (D.C. Cir. 1993)(citation omitted).

Here, the Court plainly possesses subject matter jurisdiction. Although Rule 22 sets forth a procedure to be followed in interpleader actions, it does not specifically confer subject matter jurisdiction on federal courts. In this action the Court's subject matter jurisdiction is based on diversity of citizenship. Atlas Corp. v. Marine Ins. Co., Ltd., 155 F.R.D. 454, 465 (S.D.N.Y. 1994)(jurisdiction exists under Rule 22 when the citizenship of the stakeholder is diverse from that of the claimants, even if all the claimants share the same citizenship). The Court has jurisdiction pursuant to 28 U.S.C. § 1441(a) because it has original jurisdiction under 28 U.S.C. § 1332(a)(1) in that Prudential and the defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of costs and interest.

Since Prudential is or may be subject to double or multiple liability it is entitled to Rule 22(1) interpleader. State Farm Fire & Cas. v. Tashire, 386 U.S. 523 (1967). To support an interpleader action, the adverse claims need attain only "a minimal threshold level of substantiality." Equitable Life Insurance Society of the United States v. Porter-Engelhart, 867 F.2d 70, 84 (1st Cir. 1989), quoting 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1704 (2d. Ed. 1986) at 504 (footnote omitted in original). "It is immaterial whether the stakeholder believes that all the claims against the fund are meritorious. Indeed, in the usual

case, at least one of the claims will be very tenuous." Id.

In this instance, the Court should allow Prudential to deposit the Proceeds into the Court's registry because paying the funds into Court will narrow the issues in dispute. This Court has the discretion to take possession of the disputed funds pursuant to Fed. R. Civ. P. 67. See Gulf States Util. Co. v. Alabama Power Co., 824 F.2d 1465, 1475 (5th Cir.), modified on other grounds, 831 F.2d 557 (5th Cir.1987); Bauer v. Uniroyal Tire Co., 630 F.2d 1287, 1290 n. 4 (8th Cir.1980). This Court should exercise its discretion by granting this motion. Federal District Courts construe and administer Rule 22, as well as all the other Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of every case." Fed. R. Civ. P. 1. Here, Prudential claims an interest in neither the Policy's basic death benefit, nor the statutory claim interest that has accrued on that benefit since the death of its insured. Prudential agrees that the Proceeds are due and owing to someone, but in view of R.I. Gen. Laws § 33-1.1-11 *et seq*., and the ongoing investigation of Thomas Menard, Prudential cannot determine on its own who is the correct beneficiary.

## CONCLUSION

WHEREFORE, Prudential requests that the Court grant this motion and issue an order, in the form attached hereto as Exhibit A, allowing it to deposit the Proceeds into the Court's registry.

## REQUEST FOR ORAL ARGUMENT

Prudential believes that oral argument on this motion may assist in resolving the matters in dispute. Accordingly, Prudential hereby requests that this motion be set down for hearing at such time as the Court determines.

Respectfully submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA
By its Attorneys,

/s/ Joseph M. Codega____________
Joseph M. Codega, R.I. Bar #3612
Edward P. O'Leary
Fitzhugh, Parker & Alvaro LLP
37 Sockanosset Cross Road
Cranston, RI 02920
(401) 941-3220

Dated: May 7, 2007

CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on May 7, 2007 as follows:

Fred T. Polacek
fred@fredpolaceklaw.com

Jean Alfred Boulanger
jab@cblaw.necoxmail.com

Richard C. Bicki
rbickiesq@aol.com

/s/ Joseph M. Codega______