UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Plaintiff,
Defendant in Counterclaim,

v.

THOMAS L. MENARD

Defendant,
Plaintiff in Counterclaim,

and

ADAM SHIPPEE

Defendant,

and

KYLINA BRAGA,
BRANDON SHIPPEE,
DYLANA SHIPPEE
And DOES 1-5

Defendants.

CIVIL ACTION NO. 06-395T

**MEMORANDUM OF PRUDENTIAL INSURANCE COMPANY OF AMERICA IN SUPPORT OF MOTION TO SEVER AND STAY MENARD MENARD'S COUNTERCLAIM FOR BAD FAITH**

Pursuant to Local Rule 7(b)(1), plaintiff Prudential Insurance Company of America ("Prudential") submits this memorandum in support of its motion to sever and stay Thomas L. Menard's ("Menard") counterclaim for bad faith.

**Summary of Argument**

Prudential requests that this Court sever and stay Menard's counterclaim for bad faith for the following reasons: (1) that counterclaim is not ripe for adjudication because the outcome of the breach-of-contract action may render it moot; and (2) prosecution of

the bad faith counterclaim concurrently with the underlying breach-of-contract counterclaim will compel Prudential to disclose information protected by the attorney-client and work-product privileges.

**Facts and Procedural History**

The facts, insofar as they are relevant to this motion to sever, are as follows. Prudential issued life insurance policy number 74940295 (the "Policy") insuring the life of Dawn Shippee ("Shippee"). Shippee died on December 29, 2002. Complaint ¶ 2. Menard is Shippee's father as well as the Policy's primary beneficiary.[1] On April 16, 2003 Menard submitted a claim for the Policy's death benefits, and enclosed with the claim form was a Death Certificate ("Certificate") relating to Shippee. Complaint ¶¶9, 10. Since the Certificate identified the cause of Shippee's death as "Pending further studies," Prudential began an investigation. Complaint ¶ 10. During its investigation Prudential repeatedly contacted the law enforcement officials charged with investigating Shippee's death, and each time it was informed that Shippee's death was considered a homicide, that the investigation was ongoing, and that Menard was considered a suspect in the homicide. Complaint ¶¶ 11, 12.[2]

As a beneficiary of the Policy, if Menard's claim was later disqualified owing to the operation of Rhode Island's slayer statute, R.I. Gen. Laws § 33-1.1-11, then Shippee's heirs would have viable claims to the proceeds. Complaint ¶ 15. Thus, Menard and Shippee's heirs are defendants in this interpleader action.

---

[1] The Policy's contingent beneficiary predeceased Shippee. Complaint ¶ 17.

[2] As a beneficiary of the Policy, if Menard's claim were later disqualified under R.I. Gen. Laws § 33-1.1-11, then other defendants would have viable claims to the Policy's proceeds. Complaint ¶ 15.

Rule 22 of the Federal Rules of Civil Procedure allows disinterested stakeholders like Prudential to deposit funds into a district court's registry if the stakeholder is "or may be exposed to double or multiple liability."[3] Since Prudential was concerned about the prospect of incurring double or multiple liability, on September 1, 2006 it filed its interpleader complaint and respectfully requested that the Court determine the correct person or persons to whom Prudential should pay the Policy's proceeds and interest. Complaint ¶ 21. On October 4, 2006 defendant Adam Shippee, Shippee's former husband, filed his answer to the complaint. On January 7, 2007 Menard filed his answer and counterclaim. No answer has been filed on behalf of Shippee's children, Kylina Braga, Brandon Shippee, or Dylana Shippee.[4] On May 7, 2007 Prudential filed a motion in which it requested that it be allowed to deposit the proceeds into the Court's registry.

Prudential moves to sever and stay Menard's counterclaim for bad faith on the grounds that concurrent discovery and trial of the breach-of-contract and bad faith counterclaims will likely result in the compelled disclosure of information protected by the attorney-client and work-product privileges. That disclosure will cause irreparable prejudice to Prudential which can be avoided.

**A. <u>Menard's Counterclaim For Bad Faith Is Not Ripe For Adjudication</u>.**

Under Rhode Island law, there can be no cause of action for bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance. <u>The Paul Revere Life Insurance Company</u> v. <u>Fish</u>, 910 F.Supp. 58, 67 (D. R.I. 1996)(federal district court sitting in diversity interpreting Rhode Island law);

[3] Prudential claims no interest in the proceeds, and admits that the Policy's basic death benefit, accidental death benefit, and applicable interest are due and owing to someone.

[4] Prudential anticipates filing a motion seeking to have the Court appoint a guardian *ad litem* for Shippee's minor children.

Imperial Cas. and Indem. Co. v. Bellini, 746 A.2d 130 (R.I. 2000)(appellate court reversing trial court for denying motion to sever bad faith claim from other claims). Moreover, if the insurer prevails on the underlying breach-of-contract claim then it could not, as a matter of law, have acted in bad faith in its relationship with the insured. Bellini, 746 A.2d at 134.

Here, Menard claims, among other things, that he is owed the Policy's death benefits; that he has filed a valid claim for those benefits and that Prudential has thus far not paid his claim. Counterclaim ¶¶ 4-8. Menard also claims that "Prudential has acted in bad faith in refusing to pay benefits to [Menard] thereby requiring him to obtain counsel in order to pursue his contractual rights as beneficiary under the terms of the policy in question." Counterclaim ¶ 9. A determination of the question of Prudential's purported bad faith cannot be made until Menard shows that he is entitled to recover on the insurance contract. Zarella v. Minnesota Mut. Life Ins. Co., 724 A.2d 1249 (R.I. 2003). For this reason, Menard's counterclaim for bad faith is not ripe for resolution and should be severed and stayed until his breach-of-contract claim is resolved.

**B. Prudential Is Not Required To Produce Its Claim File Until Menard's Underlying Breach-Of-Contract Counterclaim Has Been Resolved.**

The simultaneous prosecution of breach-of-contract and bad faith claims against an insurer presents intractable problems relating to discovery generally, and in particular to the protection of privileged information. It is well-settled that certain reports prepared by an insurer are entitled to protection from discovery in a breach-of-contract action. Bartlett v. John Hancock Mutual Life Insurance Co., 538 A.2d 997 (R.I. 1998)(documents in insurer's claim file prepared in anticipation of litigation are protected by a qualified privilege in underlying breach-of-contract action and plaintiff is not

entitled to access to the insurer's entire claim file until he proves liability under contract); Fireman's Fund Insurance Co. v. McAlpine, 391 A.2d 845 (R.I. 1978) (statements of percipient witnesses taken by a claim agent immediately after an accident are taken in anticipation of litigation and are thus work-product).

Here, the bad faith counterclaim asserted against Prudential includes, among other things, allegations that it failed to effectuate a prompt payment of Menard's claim after liability under the Policy became reasonably clear. In defense of that claim Prudential will likely introduce evidence at trial regarding what information it had – and did not have – when it made its claim decisions. Those decisions were made by members of Prudential's claim department and special investigations unit, among others. Many of those decisions were made after Menard filed his claim form and after Prudential had been contacted by Menard's attorneys. Owing to the facts surrounding the death of its insured, much of the information developed by Prudential during the claim review process was prepared in anticipation of litigation, and is entitled to the Court's protection during this phase of the proceedings.

In deciding whether motion to stay requested by an insurer under similar circumstances should have been granted, the Supreme Court if Rhode Island stated:

> Imperial argued that the motion justice abused her discretion when she denied its motion to sever the bad-faith claim and to limit discovery. Imperial contended that *Bartlett v. John Hancock Mutual Life Insurance Co.*, 538 A.2d 997 (R.I. 1988) was dispositive of the issue. We Agree. *Bartlett* unambiguously directed trial and motion justices, confronted with a bad-faith claim filed simultaneously with a breach-of-contract claim, to exercise their authority under Rule 42(b) of the Superior Court Rules of Civil Procedure to sever the two claims and allow discovery only insofar as it is relevant to the contract claim and defer discovery in the bad-faith claim until the complaining party

* * * *

> has proven the underlying breach-of-contract claim. *Bartlett*, 538 A.2d at 1002.

Bellini, 746 A.2d at 134.

The rationale articulated by the court in Bellini applies with equal force here. Given the need for complete discovery to be afforded to the parties, the interest of justice would best be served by severing and staying Menard's counterclaim for bad faith from the remainder of the case and determining the liability issue first.

**Conclusion**

Based on the foregoing, the Court should sever and stay Menard's counterclaim for bad faith until his underlying breach-of-contract counterclaim has been decided.

Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
By its Attorneys,

/s/ Joseph M. Codega____________

Joseph M. Codega, R.I. Bar #3612
Edward P. O'Leary
Fitzhugh, Parker & Alvaro LLP
37 Sockanosset Cross Road
Cranston, RI 02920
(401) 941-3220

Dated: May 18, 2007

CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on May 18, 2007 as follows:

Fred T. Polacek
fred@fredpolaceklaw.com

Jean Alfred Boulanger
jab@cblaw.necoxmail.com

Richard C. Bicki
rbickiesq@aol.com

/s/ Joseph M. Codega______