UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff | : C.A. No.: 06-395T |
| v. | : |
| THOMAS MENARD<br>Defendant | : |
| and | : |
| ADAM SHIPPEE<br>Defendant | : |
| and | : |
| KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br>Defendants | : |

**DEFENDANT, THOMAS MENARD'S MOTION TO DISMISS INTERPLEADER ACTION**

Thomas Menard, by and through undersigned counsel, hereby moves that the Complaint for Interpleader Relief filed in the above-captioned case be dismissed.

In support of this motion Mr. Menard relies on the accompanying Memorandum of Law in Support of Motion to Dismiss Interpleader Action.

Respectfully submitted,
Defendant/Counter Claimant,
Thomas L. Menard
By his Attorney,

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.

56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com

/s/ Fred Polacek
Fred Polacek (#2710)
55 Dorrance Street, Suite 200
Providence, RI 02903
(401) 861-5662
FAX: (401) 861-4792
E-mail: fred@fredpolaceklaw.com

CERTIFICATION

I hereby certify that on the 24th day of May, 2007, I caused the Defendant, Thomas Menard's Motion To Dismiss Interpleader Action and Supporting Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification**:

**Jean Alfred Boulanger** jab@cblaw.necoxmail.com

**Joseph M. Codega** codega1@cs.com jcodega@fitzhughlaw.com; jmcodega@hotmail.com

**Notice will be delivered by other means to**:

**Via Regular Mail:**
Edward P. O'Leary
Fitzhugh, Parker, & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE | : |
| COMPANY OF AMERICA | : |
| Plaintiff | : C.A. No.: 06-395T |
| v. | : |
| | : |
| THOMAS MENARD | : |
| Defendant | : |
| and | : |
| | : |
| ADAM SHIPPEE | : |
| Defendant | : |
| and | : |
| | : |
| KYLINA BRAGA, | : |
| BRANDON SHIPPEE, | : |
| DYLANA SHIPPEE | : |
| And DOES 1-5 | : |
| Defendants | : |

**DEFENDANT, THOMAS MENARD'S MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS**
**INTERPLEADER ACTION**

## I. BACKGROUND

On or about August 23, 1989, Thomas Menard took out a policy of life insurance on his daughter, Dawn Menard Shippee in the amount of $50,000 with Prudential Insurance. The policy

also carried an accidental death benefit of $50,000. Mr. Menard was the owner and beneficiary of the policy and paid all premiums in a timely manner.

Dawn Menard Shippee died on or about December 29, 2002. On April 16, 2003, Thomas Menard submitted a proper claim to Prudential. Prudential did not and has not paid Mr. Menard on his claim. Based on pleadings filed in this case, Prudential has not paid the claim because: (a) the 2003 death certificate identified the cause of death "pending further investigation"; (b) Dawn's death was considered a homicide; (c) Mr. Menard was considered a suspect in the murder; (d) Mr. Menard had not been eliminated as a suspect; and (e) if Mr. Menard's claim were later disqualified pursuant to R.I.G.L. §33-1.1-11, The Slayer's Act, then other claimants may have viable claims to the proceeds. *See* Prudential's Complaint at paragraphs 9 - 12, 21, and Prudential's Statement of Facts at p. 2-3 in its Motion to Deposit Monies into the Court's Registry.

In support of its Motion to Deposit Monies Into the Court's Registry, Prudential has stated:

> "As grounds for this Motion, Prudential states that there are conflicting claims to the Policy's death benefits and that allowing it to pay the disputed proceeds into the Court will serve to narrow the matters in dispute between the parties and will serve to secure a just, speedy and inexpensive determination of this action." Motion of Prudential Insurance Company of America to deposit Monies Into the Court's Registry at p. 2.

Almost 5 years later, Prudential seeks interpleader relief to avoid the possibility of multiple liability on the highly speculative grounds that Mr. Menard is a suspect in a homicide and might be disqualified at some unknown future date as the slayer of Dawn Menard Shippee, R.I.G.L. 33-1.1-11 thereby entitling Ms. Menard Shippee's estate to the proceeds.

Contrary to Prudential's assertions, there are in fact no "conflicting claims" to the death

benefits and the proceeds are not "disputed". Moreover, Prudential is not exposed to multiple liability by virtue of R.I.G.L. §33-1.1-12.

## II. LAW

Prudential's interpleader action is premised on Rhode Island's Slayer's Act, R.I.G.L. §33-1.1-1, *et. seq*.

Section 33-1.1-11 provides that:

**§ 33-1.1-11. Insurance proceeds**

> (a) Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent or as the survivor of a joint life policy, even though such policy or certificate was procured and maintained by the slayer and even though he or she paid all the premiums, shall be paid as if the slayer had predeceased the insured.
>
> (b) If the decedent is beneficiary or assignee of any policy or certificate of insurance on the life of the slayer, the proceeds shall be paid to the estate of the decedent upon the death of the slayer, unless the policy names some person other than the slayer or his or her estate as alternate beneficiary, or unless the slayer, by naming a new beneficiary or assigning the policy, performs an act which would have deprived the decedent of his or her interest in the policy if he or she had been living.

The terms "Decedent" and "Slayer" are plainly and unambiguously defined as:

**§ 33-1.1-1. Definitions**

As used in this chapter:

(1) "Decedent" means any person whose life is taken by a slayer;

(2) "Property" shall include any real and personal property and any right or interest therein;

(3) "Slayer" means any person who wilfully and unlawfully takes or procures to be taken the life of another.

The Slayer's Act, by it's very definition applies only to a "person who wilfully and unlawfully takes or procures to be taken the life of another." It does not apply to anyone who may be a "person of interest" or a "suspect" to a homicide. The plain meaning of the statute makes it applicable only to the slayer. The rationale for the slayer's act is posited on a societal value that no person should benefit from his wrongful act. Prudential, for good reason, does not identify Mr. Menard as the Slayer. It alleges no act by Mr. Menard that establishes him as the slayer of Dawn Menard Shippee. An allegation or belief that a person is or may be a suspect in a homicide does suffice to trigger the provisions of the Slayer's Act with respect to insurance payments R.I.G.L. §33-1.1-11.

Yet, Prudential seeks to create controversy where none exists by unilaterally seeking to apply the Slayer's Act to "suspects" or "persons of interest" to a homicide in an attempt to protect its own interests all at the expense of a beneficiary who is not alleged to be a Slayer as that term is defined.

Notwithstanding the passage of 5 years, no controversy exists, save the one sought to be created by Prudential, because only one claim to insurance proceeds has been made in connection with Ms. Menard Shippee's death. No claim has been filed with Prudential by anyone other than Mr. Menard. In addition, no claim has been lodged against the insurance proceeds by anyone else since the interpleader action was filed and allegedly served on all alleged interested parties. Thus, there is no dispute to the proceeds other than a disingenuous "dispute" created out of whole cloth to shield the company from a bad faith claim due to its recalcitrance in paying Mr. Menard, the proper beneficiary.

Moreover, Prudential is not subject to multiple liability in this case. Prudential may be subjected to potential multiple liability only if it makes payment to the slayer after receiving written notice of the killing of the insured by a slayer of circumstances tending to bring it within the provisions of the Slayer's Act.

> **§ 33-1.1-12. Insurance companies, banks, or other obligors – Relief from liability when payment made without notice**
>
> Any insurance company making payment according to the terms of its policy or any bank or other person performing an obligation for the slayer as one of several joint obligors shall not be subjected to additional liability by the terms of this chapter if such payment or performance is made without written notice of the killing by a slayer, at the home office of the insurance company or bank, home, or business address of the other person, of circumstances tending to bring it within the provisions of this chapter.

Having a reason to believe that a person is a suspect does not render that person a slayer. Consequently, Prudential does not face multiple exposure on the insurance proceeds given the savings provisions and safeguards of R.I.G.L. §33-1.1-12. Prudential has not conducted a timely and adequate investigation of Mr. Menard's claim, has not submitted the results of its investigation, if any, to a cognitive evaluation and review to determine the lawful basis, if any, for denying the claim, and has not advised Mr. Menard of its findings and conclusions, other than stating his claim is under investigation

Rule 22 of the Federal R. Civ. Procedure provides

> (1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable

> in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of a cross-claim or counter-claim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

In the instant case, there is and always has been only one claim against Prudential for life insurance proceeds in this case, that claim has been made by Thomas Menard. No other interested party has made claim to Prudential either in the five years since Ms. Menard Shippee's death or since the initiation of Interpleader Action. Moreover, Prudential is fully protected from exposure to double or multiple liability by the plain meaning of the definition of the term "Slayer" in R.I.G.L. §33-1.1-1 and the protection specifically provided to insurance companies by R.I.G.L. §33-1.1-12.

There being no case or controversy with respect to competing claims or to double or multiple liability to Prudential, this matter is not appropriate for interpleader relief and the Complaint for Interpleader Relief should properly be dismissed.

## III. INTERPLEADER

Federal interpleader relief is an equitable remedy. A court may decline to grant or stay consideration of interpleader relief notwithstanding that the criteria of Rule 22 or 28 U.S.C. §1335(a) are satisfied. United States Fire Insurance Co. v. Asbestospray, Inc., 182 F.3d 201, 208 (3rd Cir. 1999). Home Indemnity Co. v Moore, 499 F.2d 1202, 1205-06 (8th Cir. 1974).

A stakeholder in an interpleader action must demonstrate that it "legitimately fears multiple vexation directed against a single fund." Collins v Teachers Insurance and Annuity Asso. of America, 587 F.Supp. 403, 405 (D.RI 1984). Before an insurance company may bring an interpleader action the "adverse claims" must be more than mere speculation. *Id*. The stakeholder

"must have reason to fear double liability or the vexation of conflicting claims." Metropolitan Property and Casualty Insurance Company v. Shan Trac, Inc., 324 F.3d 20, 23 (1st Cir. 2003).

While not a particularly onerous requirement to meet, the burden is nonetheless on the stakeholder to establish the jurisdictional or threshold requirement of adversity beyond surmise, speculation or innuendo that a person might be a "Slayer" as that term has been specifically defined. When adverse claims have not been made to the proceeds, either before or after the filing of the instant interpleader action and more than four and a half years after the demise of Ms. Shippee, Prudential cannot contend that it has reason to fear double liability or the vexation of competing claims. Prudential's interpleader action is highly speculative and is based on improper reference stacking. First an adverse claim to Mr. Menard's must be filed against the proceeds. Second, a slayer must be found. Third, it must be established that Mr. Menard was in fact the Slayer. Here, no adverse claim has been made in 4 ½ years. No slayer has been found. Mr. Menard has not been charged with any offense or complicity in the death of his daughter. No competent or legitimate evidence exists that Mr. Menard is in fact the "Slayer".

In this case, Prudential seeks to change the Slayer's Act to make it applicable to mere "suspect" in complete contravention of the plain statutory definition of Slayer. Assuming *arguendo* that Prudential conducted an adequate investigation into the claim, acted reasonably in the intervening 4 ½ years in evaluating the claim, submitted the results of its investigation to a cognitive evaluation and review to determine whether there was a lawful basis for denying the claim, Prudential cannot posit that Mr. Menard is the slayer. See, Skaling v Aetna Insurance Co., 799 A.2d 997 (RI 2002). At best, it asserts only that he is a suspect in the death of his daughter. Mr. Menard's alleged status as a suspect does not serve a s a legal basis to deny the claim. *A fortiori* it cannot serve

as a basis to bring the instant interpleader action. In Colonial Life & Accident Insurance Co. v Heveder, 618 S.E.2d 39 (GA. 2005) a case of first impression, the insurer was discharged from liability for paying a surviving spouse who was a suspect in her husband's homicide. The court found that the insurer's payment of the proceeds to the insured's surviving spouse as named beneficiary discharged the company from liability to the insured's child who claimed a conspiracy by the surviving spouse to murder the insured, even when the insurer was on notice that the death was a homicide. In Heveder,

*Supra*., as in this case, only one claim was filed, that claim being filed by the beneficiary.

## IV. CONCLUSION

No adverse claims have in fact been filed with respect to the insurance proceeds. Prudential does not have a reasonable fear of double liability or vexatious claims. Prudential is adequately protected against the possibility of additional exposure via the operation of R.I.G.L. §33-1.1-12. The Slayer's Act does not and cannot apply to a mere suspect. Under the circumstances, there is no case or controversy ripe for dispute even in the context of an interpleader action. Therefore, Prudential's Interpleader action should be dismissed and Prudential should be ordered to pay forthwith the policy proceeds in the uncontested amount of $100,000 plus statutory interest and costs to Mr. Menard.

Respectfully submitted,
Defendant/Counter Claimant,
Thomas L. Menard
By his Attorney,

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.

56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com

/s/ Fred Polacek
Fred Polacek (#2710)
55 Dorrance Street, Suite 200
Providence, RI 02903
(401) 861-5662
FAX: (401) 861-4792
E-mail: fred@fredpolaceklaw.com

CERTIFICATION

I hereby certify that on the 24th day of May, 2007, I caused the Defendant, Thomas Menard's Motion To Dismiss Interpleader Action and Supporting Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification**:

**Jean Alfred Boulanger** jab@cblaw.necoxmail.com
**Joseph M. Codega** codega1@cs.com jcodega@fitzhughlaw.com; jmcodega@hotmail.com

**Notice will be delivered by other means to**:

**Via Regular Mail:**
Edward P. O'Leary
Fitzhugh, Parker, & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com