UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>Plaintiff,<br>Defendant in Counterclaim,<br>v.<br><br>THOMAS L. MENARD<br><br>Defendant,<br>Plaintiff in Counterclaim,<br>and<br><br>ADAM SHIPPEE<br><br>Defendant,<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br><br>Defendants. | CIVIL ACTION NO. 06-395T |

**MEMORANDUM OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA IN SUPPORT OF MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**

Pursuant to L. R. 7(a) of the United States District Court for the District of Rhode Island, plaintiff Prudential Insurance Company of America ("Prudential") hereby submits this memorandum in support of its motion requesting that the Court issue an order appointing a guardian ad litem to represent the interests of Kylina Braga, Brandon Shippee and Dylana Shippee, the three minor defendants in this life insurance interpleader action. In support of the motion, Prudential states as follows:

1. Prudential issued life insurance policy number 74940295 (the "Policy") insuring the life of Dawn Shippee ("Shippee").

2. The Policy has a basic death benefit of $50,000, and an accidental death benefit of $50,000. (collectively "the Proceeds").

3. Shippee died on December 29, 2002.

4. Defendant, Thomas L. Menard ("Menard") is Shippee's father as well as the Policy's primary beneficiary.[1]

5. Defendant Adam Shippee is Dawn's former husband.

6. Defendants Kylina Braga, Brandon Shippee, Dylana Shippee are Dawn's children ("Minor Defendants"), and Does 1-5 are the other legal heirs of Shippee.

7. On September 1, 2006, Prudential filed its interpleader complaint ("Complaint") in this matter to avoid the potential for incurring double or multiple liability under the Policy.

8. Prudential has served the Minor Defendants with the Complaint, but as of the date of this motion they have not filed answers to the Complaint.

9. If the named insured is precluded by operation of law from receiving the Proceeds, then the Minor Defendants will have a pecuniary interest in this action. G.L. 1956, § 33-1.1-3.

10. Moreover, in the event of any pretrial settlement, the parties will likely be required to obtain judicial approval of the terms of any release or settlement agreement. See Julian v. Zayre, 338 A.2d 813 (R.I. 1978)(for release involving sum in excess of $1,000 to be valid and binding as to rights of injured minor, it must be executed on minor's behalf by court-appointed guardian ad litem and approved by court).[2]

11. This Court has the authority to appoint guardians for the Minor Defendants. Zanni v. Zanni, 238 A.2d 373, 376 (R.I. 1968)("It is well settled that whenever in any judicial

[1] The Policy's contingent beneficiary predeceased Dawn.

[2] See G.L. 1956, § 33-15-1(a).

proceeding it shall be made to appear that there are interests of a minor to be protected, the judicial officer presiding has the inherent power to appoint a guardian ad litem for the protection of the minor's interests”).

12. Here, the Minor Defendants have interests in the litigation that reasonably require the Court’s protection.

13. Prudential respectfully requests that the Court appoint a guardian or guardians from the State superior court or family court list of approved guardians who are also admitted to practice before this court.

14. Prudential has contacted all counsel of record in this action by electronic mail, facsimile and telephone, in an effort to obtain their assent to the relief sought herein but despite its efforts Prudential has not received such assent.

WHEREFORE, Prudential respectfully requests that the Court issue an order appointing a guardian ad litem for Minor Defendants Kylina Braga, Brandon Shippee and Dylana Shippee.

Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
By its Attorneys,

/s/ Joseph M. Codega____________________

Joseph M. Codega, R.I. Bar #3612
Edward P. O’Leary, admitted pro hac vice
Fitzhugh, Parker & Alvaro LLP
37 Sockanosset Cross Road
Cranston, RI 02920
(401) 941-3220

Dated: May 24, 2007

CERTIFICATE OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on May 24, 2007 as follows:

Fred T. Polacek
fred@fredpolaceklaw.com

Jean Alfred Boulanger/
jab@cblaw.necoxmail.com

Richard C. Bicki
rbickiesq@aol.com

/s/ Joseph M. Codega______