**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff<br>v.<br><br>THOMAS MENARD<br>Defendant<br>and<br><br>ADAM SHIPPEE<br>Defendant<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br>Defendants | : | C.A. No.: 06-395T |

MOTION FOR PROTECTIVE ORDER

Thomas Menard, by and through undersigned counsel, respectfully moves for a protective order pursuant to F.R. Civ. P. 26(c) to preclude the taking of his deposition presently scheduled for June 18, 2007. In support of this Motion, counsel relies on the attached certificate of compliance and on the attached memorandum of law.

CERTIFICATE OF ATTORNEY

I, Fred Polacek, co-counsel for Thomas Menard, certify that before filing the foregoing Motion for Protective Order, I made a good faith effort by conferring with Edward O'Leary, counsel for Prudential Insurance, to resolve the pending discovery issues raised by this Motion for Protective Order. The issues remain unresolved.

Respectfully submitted,
Defendant/Counter Claimant,
Thomas L. Menard
By his Attorney,

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com

/s/ Fred Polacek
Fred Polacek (#2710)
55 Dorrance Street, Suite 200
Providence, RI 02903
(401) 861-5662
FAX: (401) 861-4792
E-mail: fred@fredpolaceklaw.com

CERTIFICATION

I hereby certify that on the ____ day of June, 2007, I caused the Defendant, Thomas Menard's Motion For Protective Order, Supporting Memorandum and attachment to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification**:

**Jean Alfred Boulanger** jab@cblaw.necoxmail.com

**Joseph M. Codega** codega1@cs.com jcodega@fitzhughlaw.com; jmcodega@hotmail.com

**Notice will be delivered by other means to**:

**Via Regular Mail:**
Edward P. O'Leary
Fitzhugh, Parker, & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA | : | |
| Plaintiff | : | C.A. No.: 06-395T |
| v. | : | |
| | : | |
| THOMAS MENARD | : | |
| Defendant | : | |
| and | : | |
| | : | |
| ADAM SHIPPEE | : | |
| Defendant | : | |
| and | : | |
| | : | |
| KYLINA BRAGA, | : | |
| BRANDON SHIPPEE, | : | |
| DYLANA SHIPPEE | : | |
| And DOES 1-5 | : | |
| Defendants | : | |

MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Thomas Menard, by and through undersigned counsel hereby moves for a Protective Order pursuant to F.R. Civ. P. 26(c). Attorney Fred T. Polacek has in good faith conferred with Edward O'Leary, lead counsel for Prudential Insurance, in an effort to resolve the dispute without court action. The dispute has not been resolved by the parties.

## I. BACKGROUND

On or about August 23, 1999, Thomas Menard took out a policy of life insurance on his daughter, Dawn Menard Shippee in the amount of $50,000 with Prudential Insurance. The policy also carried an accidental death benefit of $50,000. Mr. Menard was the owner and beneficiary of the policy and paid all premiums in a timely manner.

Dawn Menard Shippee died on or about December 29, 2002. On April 16, 2003, Thomas Menard submitted a proper claim to Prudential. Prudential did not and has not paid Mr. Menard on his claim. Based on pleadings filed in this case, Prudential has not paid the claim because: (a) the 2003 death certificate identified the cause of death "pending further investigation"; (b) Dawn's death was considered a homicide; (c) Mr. Menard was considered a suspect in the murder; (d) Mr. Menard had not been eliminated as a suspect; and (e) if Mr. Menard's claim were later disqualified pursuant to R.I.G.L. §33-1.1-11, The Slayer Act, then other claimants would have viable claims. *See* Prudential's Complaint at paragraphs 9 - 12, 21, and Prudential's Statement of Facts at p. 2-3 in its Motion to deposit Monies into the Court's Registry.

In support of its refusal to pay life insurance benefits to Mr. Menard, Prudential Insurance has propounded Interrogatories, a copy of which is attached hereto, and incorporated herein and has scheduled Mr. Menard's deposition for Monday, June 18, 2007. Based on conversations between Mr. Menard's counsel, Fred T. Polacek and Edward O'Leary, counsel for Prudential, Mr. O'Leary fully intends to question Mr. Menard about such matters as, *inter alia*

* whether the R.I. State Police considered him a suspect or the "number one suspect" in the death of Dawn Menard

* discussions with Mr. Menard's legal counsel in an unrelated state gun and drug charge
* discussions allegedly had between Mr. Menard and State Police officers regarding the unrelated murder of one Cynthia Kane-Clark
* a purported elicitation of an alibi for an alleged offense that Mr. Menard has not been charged with;
* alleged discussions about the death of his daughter with members of the Office of Attorney General while Mr. Menard was represented by counsel
* the seizure of a pickup truck and handgun in March 2003 by the Rhode Island State Police
* the motivation for police allegedly taking blood and DNA samples from Mr. Menard

## II. LAW

F.R. Civ. P. 26(c) provides in pertinent part that:

> (c) **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;

* * * *

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

It is patently clear that the motivation and intention of the interrogatories and proposed deposition questioning, consistent therewith, are intended to harass, annoy, embarrass and vex Mr. Menard in the pursuit of his contract claim against Prudential. Whether the State Police considered Mr. Menard a "suspect" in his daughter's death is irrelevant and immaterial given the contractual claim that forms the basis of this action. The interrogatories and proposed deposition constitute nothing more than a feeble attempt by Prudential to shift the burden of proof in the interpleader action from itself to Mr. Menard by seeking to have him prove that he was not the slayer of his daughter.

Moreover, Prudential should not be permitted to engage in this form of vexatious discovery to enhance its defense of the contract and bad faith claim brought by Mr. Menard. Rhode Island case law on bad faith litigation makes it clear that an insurer is limited to introducing evidence that it actually relied upon and communicated to the insured when it denied the claim, and may not seek to enhance its defense by pointing to extraneous facts or arguments that it did not communicate to the insured when it refused his claim. Skaling v Aetna Insurance Co., 799 A.2d 997 (2002). Prudential's interrogatories and the proposed area of questioning in the scheduled deposition constitute nothing more than a transparent attempt to stand the burden of proof on its head and to protect itself against a breach of contract and bad faith claim almost 5 years after the death of its insured.

While Rule 26(b)(1) generally provides for broad discovery, "courts should not grant discovery requests based on pure speculations that amount to nothing more than a fishing expedition

into actions or past wrongdoing not related to the alleged claims or defenses. Collins v City of New York, 222 FRD 249, 253 (SDNY 2004). The discovery sought by Prudential as it relates to Mr. Menard's alleged knowledge in an unrelated homicide, alleged discussions with police and prosecutors, forensic testing and unrelated gun and drug charges are not relevant on its face, are harassing and vexatious in intent and are precluded in bad faith action. As such, Mr. Menard's request for a protective order should be granted and he should not be required to answer questions about whether or not he was allegedly advised by counsel that he was suspect in the death of his daughter, his alleged knowledge of Cynthia Kane-Clark, why the State Police considered him a suspect in his daughter's death, the existence of gun and drug charges unrelated to his daughter's death; the motivation for searches and seizures by the State Police and the existence of blood and DNA testing.

Respectfully submitted,
Defendant/Counter Claimant,
Thomas L. Menard
By his Attorney,

/s/ Richard C. Bicki
Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX: (401) 274-2780
E-mail: rbickiesq@al.com

/s/ Fred Polacek
Fred Polacek (#2710)

55 Dorrance Street, Suite 200
Providence, RI 02903
(401) 861-5662
FAX: (401) 861-4792
E-mail: fred@fredpolaceklaw.com

CERTIFICATION

I hereby certify that on the ____ day of June, 2007, I caused the Defendant, Thomas Menard's Motion For Protective Order, Supporting Memorandum and attachment to be filed electronically and it is available for viewing and downloading from the ECF system

**Electronic Notification**:

**Jean Alfred Boulanger** jab@cblaw.necoxmail.com

**Joseph M. Codega** codega1@cs.com jcodega@fitzhughlaw.com; jmcodega@hotmail.com

**Notice will be delivered by other means to**:

**Via Regular Mail:**
Edward P. O'Leary
Fitzhugh, Parker, & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110