UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Plaintiff,
Defendant in Counterclaim,

v.

THOMAS L. MENARD

Defendant,
Plaintiff in Counterclaim,

and

ADAM SHIPPEE

Defendant,

and

KYLINA BRAGA,
BRANDON SHIPPEE,
DYLANA SHIPPEE
And DOES 1-5

Defendants.

CIVIL ACTION NO. 06-395T

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S FIRST SET OF INTERROGATORIES TO THOMAS L. MENARD**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant in Counterclaim The Prudential Insurance Company of America ("Prudential"), propounds the following interrogatories to the Plaintiff in Counterclaim Thomas L. Menard ("Menard") to be answered under oath. In responding to these interrogatories, please refer to the "Definitions and Instructions" set forth below, and make inquiry of your attorneys, agents, servants, employees and others acting for or on your behalf to obtain any facts or information that is not privileged, that will afford you the ability to respond.

# I. DEFINITIONS

1. The term "*Counterclaim*," as used herein, shall mean the Counterclaim filed in this action by Menard, as it may be from time to time amended.

2. The term "*Answer*," as used herein, shall mean Prudential's Answer to Menard's Counterclaim filed in this action, as it may be from time to time amended.

3. Unless otherwise stated, the terms "*you*" and "*your*," as used herein, shall include Plaintiff in Counterclaim Thomas L. Menard as well as any present or former agent, employee, attorney, advisor, consultant, representative or other person acting for or on behalf of Menard.

4. The term "*communication*," as used herein, means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. The term "*document*," as used herein, is designed to be synonymous in meaning and equal in scope to the language of Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "*person*," as used herein, is defined as any natural person or any business, legal, or governmental entity or association.

7. The term "*concerning*," as used herein, means referring to, describing, evidencing or constituting.

8. "*Identify*" (With Respect to Persons). When referring to a person "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. *"Identify"* (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

(a) type of document;

(b) general subject matter;

(c) date of the document; and

(d) author(s), addressee(s), and recipient(s).

10. The terms "*Policy*" and "*Contract*" as used herein, means the life insurance policy issued by Prudential to Dawn Menard Shippee ("Dawn Shippee") on August 23, 1989, bearing Prudential policy number 74940295.

11. The term "*Police*," as used herein, means the Rhode Island State Police, as well as any other state, municipal or local law enforcement department or agency.

## II. INSTRUCTIONS

1. These interrogatories are propounded in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. You must answer each question separately and fully in writing and under oath. You must return the original and one copy of your answers within thirty (30) days of the date you received them to the party or counsel who served them upon you. If you object to any question, you must note your objection and state the reason therefore. If you fail to return your answers within thirty (30) days, the party who served them upon you may inform the Court, and the Court shall make such orders as justice requires, including the entry of a conditional default against you.

2. If any interrogatory is objected to on the grounds of a claim of privilege, please state the nature of the claimed privilege and the basis therefore, and please answer the interrogatory to the fullest extent possible without waiving said claim of privilege.

## III. INTERROGATORIES

1. Identify each person who provided information used to answer these interrogatories including each person with whom the person or persons executing the answers to these interrogatories consulted in preparing them, describing in general the nature of the information provided by each such person.

ANSWER:

2. Did your attorney, John J. Bevilacqua, or any of your other attorneys, err inform you that the Rhode Island State Police considered you "the number one suspect" in the death of your daughter, Dawn Shippee.

ANSWER:

3. State the basis of for the allegation set forth in paragraph 6 of the Counterclaim that Menard has made a proper claim as the "Primary beneficiary" for the proceeds of the Policy, including but not limited to, the face amount of the policy ($50,000.00) together with the "Accidental Death Benefit" ($50,000.00) for a total amount of $100,000.00 together with interest thereon.

ANSWER:

4. State the basis of for the allegation set forth in paragraph 9 of the Counterclaim that Prudential has acted in bad faith in refusing to pay benefits to Menard requiring him to obtain counsel in order to pursue his contractual rights.

ANSWER:

5. State the basis of for the allegation set forth in paragraph 10 of the Counterclaim that Menard is entitled to the benefits of $100,000, together with interest accrued thereon and attorneys' fees incurred in the prosecution of his contractual rights.

ANSWER:

6. Identify each and every member of law enforcement that has requested, verbally or in writing, to speak with you concerning the death of Dawn Shippee, and identify the dates on which the requests were made.

ANSWER:

7. Identify each and every member of law enforcement that has requested, verbally or in writing, to speak with you concerning the death of Cynthia Kane-Clark, and identify the dates on which the requests were made.

ANSWER:

8. Describe in full and complete detail any and all conversations you have had with the Police concerning the death of Dawn Shippee, and identify the dates on which those conversations took place.

ANSWER:

9. Describe in full and complete detail any and all conversations you have had with the Police concerning the death of Cynthia Kane-Clark, and identify the dates on which those conversations took place.

ANSWER:

10. Did you cooperate with the Police in response to their requests for interviews concerning the death of Dawn Shippee? If so, describe in full and complete detail the nature and extent of your cooperation.

ANSWER:

11. Did you provide the Police with an alibi concerning December 29, 2002, the date of Dawn Shippee's death? If so, please state in full and complete detail the alibi you provided to the Police.

ANSWER:

12. Describe in full and complete detail your activities on Saturday December 28, 2002 from the moment you awoke, and on Sunday December 29, 2002 from the moment you awoke until 11:47 AM.

ANSWER:

13. Describe in full and complete detail any and all conversations you have had with the Rhode Island Attorney General's Office, including but not limited to any conversations with Attorney William Ferland, concerning the death of Dawn Shippee, and identify the dates on which those conversations took place.

ANSWER:

14. Describe in full and complete detail any and all conversations you have had with the Rhode Island Attorney General's Office concerning the death of Cynthia Kane-Clark, and identify the dates on which those conversations took place.

ANSWER:

15. Did the Police ever attempt to question you regarding the November 9, 2002 murder of Cynthia Kane-Clark, and if so, when did they attempt to question you and what was your response?

ANSWER:

16. Describe in full and complete detail the nature of your relationship, if any, with Cynthia Kane-Clark.

ANSWER:

17. Have the Police ever informed you, either verbally or in writing, that you are no longer a suspect in the death of Dawn Shippee, and if so, by whom were you informed?

ANSWER:

18. Were you arrested in Florida on March 12, 2003 on gun and drug charges, and if so, were you extradited back to the State of Rhode Island in connection with those charges?

ANSWER:

19. Were you arraigned in March, 2003 in the Kent County (Rhode Island) District Court on drug and gun charges and, if so, was your bail set at fifty thousand ($50,000.00) dollars?

ANSWER:

20. Did the Police seize your pickup truck in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain the facts and circumstances surrounding that seizure?

ANSWER:

21. Did the Police seize your 44 caliber snub-nose handgun in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain the facts and circumstances surrounding that seizure?

ANSWER:

22. Did the Police take a sample of your blood in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain in full and complete detail your understanding of why the Police took that sample?

ANSWER:

23. Did the Police take a sample of your DNA in connection with their investigation of the death of Dawn Shippee, if so, please explain in full and complete detail your understanding of why the Police took that sample?

ANSWER:

24. Describe in full and complete detail any arguments, disagreements, quarrels, altercations, conflicts or confrontations of any kind or nature that you had with Dawn Shippee between Thursday December 26, 2002 and Sunday December 29, 2002 at 11:47 AM and identify any and all persons present during those incidents.

ANSWER:

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
By its Attorneys,

Joseph M. Codega, R.I. Bar #3612
Edward P. O'Leary
Fitzhugh, Parker & Alvaro LLP
37 Sockanosset Cross Road
Cranston, RI 02920
(401) 941-3220

Dated: May 10, 2007

CERTIFICATE OF SERVICE

I, Edward P. O'Leary, hereby certify that on May 10, 2007 I mailed a copy of Prudential's Responses to Menard's Request for Production of Documents by first class mail postage prepaid, to all counsel of record, as set forth below:

Fred T. Polacek, Esq.
42 Weybosset Street
Providence, RI 02903

Jean Alfred Boulanger, Esq.
Capaldi & Boulanger
1035 Main Street
Coventry, RI 01816

Richard C. Bicki, Esq.
56 Pine Street
Providence, RI 02903

Edward P. O'Leary