**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff | : | C.A. No.: 06-395T |
| v. | : | |
| THOMAS MENARD<br>Defendant | : | |
| and | : | |
| ADAM SHIPPEE<br>Defendant | : | |
| and | : | |
| KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br>Defendants | : | |

DEFENDANT, THOMAS MENARD'S ANSWERS TO PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERROGATORIES

INTERROGATORY 1. Identify each person who provided information used to answer these interrogatories including each person with whom th person or persons executing the answers to these interrogatories consulted in preparing them, describing in general the nature of the information provided by each such person.

**ANSWER 1.** Thomas L. Menard

INTERROGATORY 2. Did your attorney, John J. Bevilacqua, or any other attorneys, ever inform you that the Rhode Island State Police considered you "the number one suspect" in the death of your daughter, Dawn Shippee.

**ANSWER 2:** Defendant objects to Interrogatory #2 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and it may not seek to enhance its defense by seeking discovery of extraneous facts and

circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 3. State the basis for the allegation set forth in paragraph 6 of the Counterclaim that Menard has made a proper claim as the "Primary Beneficiary" for the proceeds of the Policy, including but not limited to, the face amount of the policy ($50,000.00) together with the "accidental Death Benefit" ($50,000.00) for a total amount of $100,000.00 together with interest thereon.

**ANSWER 3.** Following the death of my daughter and after the passage of a few months, I put a claim in for the death benefits under the terms of the Prudential Insurance contract. I believe I filled out the necessary forms to make claim for those monies at the local insurance office in Warwick. I was the named beneficiary on this policy, the owner of the policy and had paid all premiums on the policy since its inception.

INTERROGATORY 4. State the basis for the allegation set forth in paragraph 9 of the Counterclaim that Prudential has acted in bad faith in refusing to pay benefits to Menard requiring him to obtain counsel in order to pursue his contractual rights.

**ANSWER 4:** Defendant objects to Interrogatory No. 4 as it seeks a legal conclusion with respect to the term "bad faith". Without waiving that objection defendant states as follows:

I made claim for the benefits under the terms of the policy of insurance issued by the plaintiff. The plaintiff, its agents, servants and/or employees continually refused to make payment or to provide me information with respect to the basis of that refusal. On each occasion when I would make inquiry into the status of payment I was advised by a form letter that the matter was still under investigation. Eventually my requests did not even draw a response from the company. Prudential has refused payment without a reasonable basis in fact or law for the denial. Prudential had not conducted its own fair and comprehensive investigation before denial of the claim. I subsequently had to hire a lawyer to pursue this claim on my behalf.

INTERROGATORY 5. State the basis for the allegations set forth in paragraph 10 of the Counterclaim that Menard is entitled to the benefits of $100,000.00 together with interest accrued thereon and attorneys' fees incurred in the prosecution of his contractual rights.

**ANSWER 5:** The plaintiff issued a policy of insurance that entitled the beneficiary to benefits of $100,000.00 in the case of accident death. As accidental death is defined by the policy, I as the beneficiary am entitled to the $100,000.00 together with interest which has

accrued on that claim. As a result of Court pleadings filed by Prudential, I am advised that Prudential does not contest the payment of $100,000.00.

INTERROGATORY 6. Identify each and every member of law enforcement that has requested, verbally or in writing, to speak with you concerning the death of Dawn Shippee, and identify the dates on which the requests were made.

**ANSWER 6.** Defendant objects to Interrogatory #6 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 7. Identify each and member of law enforcement that has requested, verbally or in writing to speak with you concerning the death of Cynthia Kane-Clark, and identify the dates on which the requests were made.

**ANSWER 7.** Defendant objects to Interrogatory #7 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 8. Describe in full and complete detail any and all conversations you have had with the police concerning the death of Dawn Shippee, and identify the dates on which those conversations took place.

**ANSWER 8.** Defendant objects to Interrogatory #8 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and

harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 9. Describe in full and complete detail any and all conversations you have had with the police concerning the death of Cynthia Kane-Clark, and identify the dates on which those conversations took place.

**ANSWER 9.** Defendant objects to Interrogatory #9 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 10. Did you cooperate with the police in response to their request for interviews concerning the death of Dawn Shippee? If so, describe in full and complete detail the nature and extent of your cooperation.

**ANSWER 10.** Defendant objects to Interrogatory #10 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 11. Did you provide the police with an alibi concerning December 20, 2002, the date of Dawn Shippee's death? If so, please state in full and complete detail the alibi your provided to the police.

**ANSWER 11.** Defendant objects to Interrogatory #11 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 12. Describe in full and complete detail your activities on Saturday December 28, 2002 from the moment you awoke, and on Sunday December 29, 2002 from the moment you awoke until 11:47 A.M.

**ANSWER 12.** I do not recall my actions from almost 5 years ago.

INTERROGATORY 13. Describe in full and complete detail any and all conversations you have had with the Rhode Island Attorney general's Office, including but not limited to any conversations with Attorney William Ferland, concerning the death of Dawn Shippee, and identify the dates on which those conversations took place.

**ANSWER 13:** Defendant objects to Interrogatory #13 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 14. Describe in full and complete detail any and all conversations you have had with the Rhode Island Attorney General's Office concerning the death of Cynthia Kane-Clark, and identify the dates on which those conversations took place.

**ANSWER 14.** Defendant objects to Interrogatory #14 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 15. Did the police ever attempt to question you regarding the November 9, 2002 murder of Cynthia Kane-Clark, and if so, when did they attempt to question you and what was your response?

**ANSWER 15.** Defendant objects to Interrogatory #15 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 16. Describe in full and complete detail the nature of your relationship, if any, with Cynthia Kane-Clark.

**ANSWER 16.** Defendant objects to Interrogatory #16 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of

extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

Without waiving my objections and the best of my recollection, I have had no relationsship with Cynthia Kane-Clark.

INTERROGATORY 17. Have the police ever informed you, either verbally or in writing, that you are no longer a suspect in the death of Dawn Shippee, and if so, by whom were you informed?

**ANSWER 17.** Defendant objects to Interrogatory #17 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 18. Were you arrested in Florida on March 12, 2003, on gun charges, and if so, were you extradited back to the State of Rhode Island in connection with those charges?

**ANSWER 18.** Defendant objects to Interrogatory #18 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 19. Were you arraigned in March, 2003 in the Kent County (Rhode

Island) District Court on drug and gun charges and, if so, was your bail set at fifty thousand ($50,000.00) dollars?

**ANSWER 19.** Defendant objects to Interrogatory #19 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 20. Did the police seize your pickup truck in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain the facts and circumstances surrounding that seizure?

**ANSWER 20.** Defendant objects to Interrogatory #20 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 21. Did the police seize your 44 caliber snub-nose handgun in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain the facts and circumstances surrounding that seizure?

**ANSWER 21.** Defendant objects to Interrogatory #21 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 22. Did the police take a sample of your blood in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain in full and complete detail your understanding of why the police took that sample?

**ANSWER 22.** Defendant objects to Interrogatory #22 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 23. Did the police take a sample of your DNA in connection with tier investigation of the death of Dawn Shippee, if so, please explain in full and complete detail your understanding of why the police took that sample?

**ANSWER 23.** Defendant objects to Interrogatory #23 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

INTERROGATORY 24. Describe in full and complete detail any arguments, disagreements, quarrels, altercations, conflicts or confrontations of any kind or nature that you had with Dawn

Shippee between Thursday December 26, 2002 and Sunday December 29, 2002 at 11:47 AM and identify any and all persons present during these incidents.

**ANSWER 24.** Defendant objects to Interrogatory #24 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

Thomas L. Menard

Thomas L. Menard

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 15 day of June, 2007.

Katrina J. VanDale

Notary Public 1/19/2010