**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THE PRUDENTIAL INSURANCE :
COMPANY OF AMERICA :
Plaintiff : C.A. No.: 06-395T
v. :
:
THOMAS MENARD :
Defendant :
and :
:
ADAM SHIPPEE :
Defendant :
and :
:
KYLINA BRAGA, :
BRANDON SHIPPEE, :
DYLANA SHIPPEE :
And DOES 1-5 :
Defendants :

DEFENDANT, THOMAS MENARD'S SUPPLEMENTAL ANSWERS TO PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERROGATORIES

Consistent with the Order entered by Magistrate Judge David L. Martin on July 9, 2007, in the above-captioned case, Defendant Thomas Menard hereby supplements his answers to interrogatories as follows:

INTERROGATORY 2**.** Did your attorney, John J. Bevilacqua, or any other attorneys, ever inform you that the Rhode Island State Police considered you "the number one suspect" in the death of your daughter, Dawn Shippee.

**ANSWER 2:** Defendant objects to Interrogatory #2 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and it may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his

daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 2.** Consistent with the above-referenced Order, Plaintiff is precluded from inquiring about my privileged conversations with legal counsel.

INTERROGATORY 6. Identify each and every member of law enforcement that has requested, verbally or in writing, to speak with you concerning the death of Dawn Shippee, and identify the dates on which the requests were made.

**ANSWER 6.** Defendant objects to Interrogatory #6 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 6.** Consistent with the above-referenced Order, Plaintiff is precluded from inquiring about privileged conversations with legal counsel.

Without waiving my objections, Defendant states as follows:

At this time, almost 5 years after the death of my daughter, I do not recall the identity of any law enforcement officer or the dates of any of the alleged requests.

INTERROGATORY 7. Identify each and member of law enforcement that has requested, verbally or in writing to speak with you concerning the death of Cynthia Kane-Clark, and identify the dates on which the requests were made.

**ANSWER 7.** Defendant objects to Interrogatory #7 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged

communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 7.** Consistent with the above-referenced Order, Plaintiff is precluded from inquiring about privileged conversations with legal counsel.

Without waiving my objections, Defendant states as follows:

At this time, almost 5 years after the death of my daughter, I do not recall the identity of any law enforcement officer or the dates of any of the alleged requests.

INTERROGATORY 8. Describe in full and complete detail any and all conversations you have had with the police concerning the death of Dawn Shippee, and identify the dates on which those conversations took place.

**ANSWER 8.** Defendant objects to Interrogatory #8 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 8.** Without waiving my objections, Defendant states as follows:

When I was advised of my daughter's death, I was in a total state of shock. At this time, almost 5 years after the death of my daughter, I do not recall the conversations I had with the police other than asking them what happened and how she died. I do not recall the dates on which the conversation(s) occurred.

INTERROGATORY 9. Describe in full and complete detail any and all conversations you have had with the police concerning the death of Cynthia Kane-Clark, and identify the dates on which those conversations took place.

**ANSWER 9.** Defendant objects to Interrogatory #9 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his

daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 9.** Without waiving my objections, Defendant states as follows:

At this time, almost 5 years after the death of my daughter, I do not recall having conversations with the police concerning Cynthia Kane-Clark and do not recall the dates on which the alleged conversations may have occurred.

INTERROGATORY 10. Did you cooperate with the police in response to their request for interviews concerning the death of Dawn Shippee? If so, describe in full and complete detail the nature and extent of your cooperation.

**ANSWER 10.** Defendant objects to Interrogatory #10 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 10.** Without waiving my objections, Defendant states as follows:

When I was advised of my daughter's death, I was in a total state of shock. At this time, almost 5 years after the death of my daughter, I do recall meeting with the police about her death on one or two occasions. I do not recall the substance of the conversations, other than asking them what happened and how she died.

INTERROGATORY 11. Did you provide the police with an alibi concerning December 20, 2002, the date of Dawn Shippee's death? If so, please state in full and complete detail the alibi your provided to the police.

**ANSWER 11.** Defendant objects to Interrogatory #11 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and

may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 11.** Without waiving my objections, I do not recall the use of the word "alibi" and do not recall what, if anything I may have told the police, as I was in a total state of shock after being advised of my daughter's death.

INTERROGATORY 12. Describe in full and complete detail your activities on Saturday December 28, 2002 from the moment you awoke, and on Sunday December 29, 2002 from the moment you awoke until 11:47 A.M.

**ANSWER 12.** I do not recall my actions from almost 5 years ago.

**SUPPLEMENTAL ANSWER 12.** Without waiving my objections, I do not recall my activities on the dates in question.

INTERROGATORY 13. Describe in full and complete detail any and all conversations you have had with the Rhode Island Attorney general's Office, including but not limited to any conversations with Attorney William Ferland, concerning the death of Dawn Shippee, and identify the dates on which those conversations took place.

**ANSWER 13:** Defendant objects to Interrogatory #13 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 13.** Without waiving my objections, I do not recall having conversations with the Rhode Island Attorney Generals' office about my daughter's death.

INTERROGATORY 14. Describe in full and complete detail any and all conversations you have had with the Rhode Island Attorney General's Office concerning the death of Cynthia Kane-

Clark, and identify the dates on which those conversations took place.

**ANSWER 14.** Defendant objects to Interrogatory #14 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 14.** Without waiving my objections, I do not recall having conversations with the Rhode Island Attorney General's office about Cynthia Kane-Clark .

INTERROGATORY 15. Did the police ever attempt to question you regarding the November 9, 2002 murder of Cynthia Kane-Clark, and if so, when did they attempt to question you and what was your response?

**ANSWER 15.** Defendant objects to Interrogatory #15 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 15.** Without waiving my objections, I do not recall having conversations with the police office about Cynthia Kane-Clark .

INTERROGATORY 16. Describe in full and complete detail the nature of your relationship, if any, with Cynthia Kane-Clark.

**ANSWER 16.** Defendant objects to Interrogatory #16 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of

extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

Without waiving my objections and the best of my recollection, I have had no relationship with Cynthia Kane-Clark.

**SUPPLEMENTAL ANSWER 16:** Without waiving my objections, I do not recall having a relationship with a person named Cynthia Kane-Clark.

INTERROGATORY 17. Have the police ever informed you, either verbally or in writing, that you are no longer a suspect in the death of Dawn Shippee, and if so, by whom were you informed?

**ANSWER 17.** Defendant objects to Interrogatory #17 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 17.** Without waiving my objections, I have had no direct communication with the police since I retained counsel. Consistent with the above-referenced Order, plaintiff is precluded from inquiring about my privileged conversations with legal counsel. I do not recall if the police advised me that I was a formal suspect prior to retaining counsel.

INTERROGATORY 18. Were you arrested in Florida on March 12, 2003, on gun charges, and if so, were you extradited back to the State of Rhode Island in connection with those charges?

**ANSWER 18.** Defendant objects to Interrogatory #18 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 18.** Yes.

INTERROGATORY 19. Were you arraigned in March, 2003 in the Kent County (Rhode Island) District Court on drug and gun charges and, if so, was your bail set at fifty thousand ($50,000.00) dollars?

**ANSWER 19.** Defendant objects to Interrogatory #19 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 19.** Without waiving my objections, Yes. My bail was subsequently reduced to $5,000.00.

INTERROGATORY 20. Did the police seize your pickup truck in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain the facts and circumstances surrounding that seizure?

**ANSWER 20.** Defendant objects to Interrogatory #20 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 20.** Without waiving my objections, No.

INTERROGATORY 21. Did the police seize your 44 caliber snub-nose handgun in

connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain the facts and circumstances surrounding that seizure?

**ANSWER 21**. Defendant objects to Interrogatory #21 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 21.** Without waiving my objection, the police seized a .44 caliber handgun. I was not present at the time of the seizure as I was in Florida. Therefore, I do not know the facts and circumstances surrounding the seizure of the handgun or its purpose.

INTERROGATORY 22. Did the police take a sample of your blood in connection with their investigation of the death of Dawn Shippee or any other investigation, if so, please explain in full and complete detail your understanding of why the police took that sample?

**ANSWER 22**. Defendant objects to Interrogatory #22 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 22.** Without waiving my objection, when I returned from Florida, the police took a blood sample from me. I do not know for what purpose this was done.

INTERROGATORY 23. Did the police take a sample of your DNA in connection with tier

investigation of the death of Dawn Shippee, if so, please explain in full and complete detail your understanding of why the police took that sample?

**ANSWER 23.** Defendant objects to Interrogatory #23 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 23.** Without waiving my objections, I do not know whether the police took a DNA sample from me.

INTERROGATORY 24. Describe in full and complete detail any arguments, disagreements, quarrels, altercations, conflicts or confrontations of any kind or nature that you had with Dawn Shippee between Thursday December 26, 2002 and Sunday December 29, 2002 at 11:47 AM and identify any and all persons present during these incidents.

**ANSWER 24.** Defendant objects to Interrogatory #24 as it seeks information which is irrelevant, immaterial, unreasonable and vexatious, abusive, calculated to intimidate and harass, and not calculated to lead to the discovery of admissible evidence. Whether the State Police considered me to be a suspect in the death of my daughter is irrelevant given the contractual claim that forms the basis of this action. Prudential is limited to introducing evidence that it actually relied upon and communicated to me when it denied my claim and may not seek to enhance its defense by seeking discovery of extraneous facts and circumstances it did not communicate to me when it refused payment.

Additional objection is made on the grounds that the interrogatory is designed and seeks to shift the burden of proof to Mr. Menard to establish that he was not the slayer of his daughter.

Any and all discussions with my attorneys are confidential and privileged communications and are covered by the attorney-client privilege.

**SUPPLEMENTAL ANSWER 24.** Without waiving my objections, none that I recall.

Thomas L. Menard

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 13th day of July, 2007.

Notary Public

CERTIFICATION

I hereby certify that on the 13th day of July, 2007, I mailed a copy of the within Defendant's Supplemental Answers to Interrogatories to the following attorneys of record:

Joseph M. Codega, Esq.
37 Sockannosset Cross Road
Cranston, RI

Jean Alfred Boulanger, Esq.
Capaldi & Boulanger
1035 Main Street
Coventry, RI 01816

Edward P. O'Leary, Esquire
Fitzhugh, Parker & Alvaro LLP
155 Federal Street, Suite 1700
Boston, MA 02110

[signature]