UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff/Defendant in Counterclaim,<br><br>v.<br><br>THOMAS L. MENARD,<br><br>Defendant/Plaintiff in Counterclaim,<br><br>and<br><br>ADAM SHIPPEE,<br><br>Defendant,<br><br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE,<br>and DOES 1-5,<br><br>Defendants. | : | CA 06-395 T |

**ORDER FOLLOWING**
**AUGUST 30, 2007, HEARING**

On August 30, 2007, the Court conducted a further hearing on the following objections:

1. Rhode Island State Police's Objection to the Subpoena Issued by the Plaintiff the Prudential Insurance Company (Doc. #36) ("State Police's Objection"); and

2. Rhode Island Attorney General's Objection to the Subpoena Issued by the Plaintiff the Prudential Insurance Company (Doc. #37) ("Attorney General's Objection").

At the hearing, the Court determined the following. The

Prudential Insurance Company of America, Inc. ("Prudential"), had complied with the Court's order of August 3, 2007, and submitted written questions to counsel for the Rhode Island State Police and the Rhode Island Department of the Attorney General "setting forth the information which Prudential seeks from the subpoenaed records of the State Police and the Attorney General." Order Continuing Hearings on Motion and Objections (Doc. #43) ("Order of 8/3/07") at 2-3. The State Police and Department of the Attorney General had similarly complied with the Order of 8/3/07 by responding to the questions. See id. at 3. The responses included a large number of objections based on the law enforcement privilege, the work product privilege, the deliberative process privilege, and relevancy. See Rhode Island Department of the Attorney General's Response to Prudential Insurance Company of America's Interrogatories; Rhode Island State Police's Responses to the Prudential Insurance Company of America's Interrogatories.[1] Based on the number of objections, the Court concluded that its attempt to resolve the dispute about production of the subpoenaed records was unsuccessful.

Accordingly, the Court issues the following order:

1. Within ten days, Prudential is to file a motion to compel compliance with its subpoenas. In the memorandum which accompanies that motion, Prudential shall explain what

[1] Copies of the Rhode Island Department of the Attorney General's Response to Prudential Insurance Company of America's Interrogatories and the Rhode Island State Police's Responses to the Prudential Insurance Company of America's Interrogatories have been provided to the Court, and the Court has designated them as Hearing Exhibits 1 and 2 respectively. Because they contain sensitive personal information, (e.g., date of birth, social security number, home address, etc.), they have not been scanned.

information it seeks to obtain from the subpoenaed records[2] and why it needs that information.

2. After receiving the motion to compel, the Rhode Island State Police and the Rhode Island Department of the Attorney General shall timely file their objections to the motion, setting forth in the memoranda supporting their objections all of the grounds for their objections.[3]

3. Thereafter, the Court will conduct a hearing on Prudential's motion to compel.

4. Counsel for the State Police and the Department of the Attorney General is not required to bring the subpoenaed documents to the hearing on the motion to compel. If the Court determines that an in camera review of the documents is necessary, counsel will be ordered to produce them at a later date.

So ordered.

---

[2] Presumably, the information Prudential seeks is the same information sought by the questions which were submitted to counsel for the Rhode Island State Police and the Rhode Island Department of the Attorney General following the August 3, 2007, hearing. If so, Prudential may simply reference those questions in its memorandum. However, Prudential should still explain in its memorandum why it needs this information.

[3] The Court is especially interested in knowing the basis for the refusal of the State Police and the Department of the Attorney General to provide factual information which is presumably already known to Mr. Menard (e.g., the information sought by questions 4-16). The Court wishes an explanation of how disclosure of the factual information sought by these questions might adversely affect the criminal investigation. If this explanation cannot be provided without jeopardizing the very consideration which prompts the assertion of the law enforcement privilege, counsel for the State Police and the Department of the Attorney General may file a motion requesting permission to submit the explanation to the Court ex parte. The Court will then consider such motion.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 30, 2007