IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>Plaintiff.<br>Defendant in Counterclaim<br><br>V.<br><br>THOMAS L. MENARD<br>Defendant.<br>Plaintiff in Counterclaim<br><br>V.<br><br>ADAM SHIPPEE<br>Defendant.<br><br>And<br><br>KYLINA BRAGA, BRANDON SHIPPEE DYLANA SHIPPEE, and DOES 1-5<br>Defendants. | CIVIL ACTION NO. 06-395 T |

**MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37, and by Order of the Court (the Honorable David L. Martin) dated August 30, 2007, Plaintiff/Counterclaim Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), hereby requests that the Court issue an Order compelling the Rhode Island State Police and Rhode Island Attorney General to comply with Prudential's Subpoenas Duces Tecum, and Interrogatories and Requests for Production, propounded in furtherance of the Subpoenas Duces Tecum. A supporting Memorandum of Law is attached herewith.

WHEREFORE, Prudential respectfully requests that its Motion be granted and that the Rhode Island State Police and Rhode Island Attorney General be ordered to comply with Prudential's Subpoenas Duces Tecum to the extent set forth in Prudential's Memorandum of Law.

Dated: September 13, 2007

Respectfully submitted:

**THE PLAINTIFF/COUNTERCLAIM DEFENDANT:**
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

/s/ Mitchell R. Edwards
Mitchell R. Edwards (#6942)
Jeffrey A. Mega (#6441)
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Telephone: 401-274-2000
Facsimile: 401-277-9600
Email: medwards@haslaw.com
Email: jmega@haslaw.com

- and -

/s/ Ben A. Solnit
Ben A. Solnit (admitted Pro Hac Vice)
Robert C. Hinton (admitted Pro Hac Vice)
Tyler Cooper & Alcorn, LLP
555 Long Wharf Drive, 8th Floor
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: 203-784-8200
Facsimile: 203-777-1811
Email: rhinton@tylercooper.com
Email: bsolnit@tylercooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2007 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record listed below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court' s CM/ECF system.

Brenda D. Baum
Attorney General's Office
150 South Main Street
Providence, RI 02903
Telephone: 274-4400 x 2294
Facsimile: 222-3016
Email: bbaum@riag.ri.gov
Attorneys for Movants the Rhode Island State Police and the Rhode Island Department of Attorney General

Richard C. Bicki
56 Pine Street
Suite 200
Providence, RI 02903
Telephone: 228-8338
Facsimile: 274-2780
Email: rbickiesq@aol.com
Attorney for Defendant/Counterclaim Plaintiff Thomas Menard

Jean Alfred Boulanger
Capaldi & Boulanger
1035 Main Street
Coventry, RI 01816
Telephone: 821-3537
Facsimile: 821-9697
Email: jab@cblaw.necoxmail.com
Attorneys for Defendant Adam Shippee

Fred T. Polacek
42 Weybosset Street
Providence, RI 02903
Telephone: 861-5662
Facsimile: 861-4792
Email: fred@fredpolaceklaw.com
Attorney for Defendant/Counterclaim Plaintiff Thomas Menard

/s/ Mitchell R. Edwards
Mitchell R. Edwards



#828915v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**<br>**Plaintiff.**<br>**Defendant in Counterclaim**<br><br>**V.**<br><br>**THOMAS L. MENARD**<br>**Defendant.**<br>**Plaintiff in Counterclaim**<br><br>**V.**<br><br>**ADAM SHIPPEE**<br>**Defendant.**<br><br>**And**<br><br>**KYLINA BRAGA, BRANDON SHIPPEE DYLANA SHIPPEE, and DOES 1-5**<br>**Defendants.** | **CIVIL ACTION NO. 06-395 T** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

In this action for interpleader relief, Plaintiff/Counterclaim Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") moves the Court to issue an Order compelling the Rhode Island State Police and the Rhode Island Department of Attorney General (hereinafter collectively referred to as the "State") to comply with Prudential's Subpoenas Duces Tecum as set forth below.



#828915v1

On July 30, 2007, the Court (Torres, S.J.) granted Prudential's Motion for Leave to Deposit Monies in the Court's Registry and discharged Prudential from potential liability with respect to the payment of insurance policy proceed, except for any liability which may result from Defendant Thomas L. Menard's ("Menard") counterclaim alleging that Prudential acted in bad faith by not paying him the policy proceeds and by commencing this interpleader action. Prudential is seeking discovery from the State to rebut Menard's bad faith claim.

## I. FACTS AND PROCEDURAL BACKGROUND

Prudential issued a life insurance policy ("the Policy") insuring the life of Dawn Shippee ("the decedent"). The decedent died while the Policy was in effect. Complaint ¶ 2. The Rhode Island State Police reported the cause of death as blunt force trauma to the head and drowning.

Menard is the decedent's father and the primary beneficiary under the Policy. Menard obtained the Policy and paid the premiums. Approximately four months after the decedent's death, Menard submitted a claim form in which he requested the Policy's death benefits and he enclosed with the claim the decedent's Death Certificate. Complaint ¶¶ 9 – 10. The Death Certificate identified the cause of the decedent's death as, "pending further studies." Consequently, Prudential conducted its own investigation. Complaint ¶ 10. During its investigation, Prudential repeatedly contacted the Rhode Island law enforcement officials charged with investigating the decedent's death. On each occasion, Prudential was informed that the decedent's death was considered a homicide, that the investigation was ongoing, and that Menard was considered a suspect in the decedent's homicide. Complaint ¶¶ 11 – 12.

In light of Menard being considered a suspect in the decedent's homicide, his claims for benefits under the Policy may potentially be disqualified by operation of R.I. Gen. Laws § 33-1.1-11 ("Slayer's Act") and/or the common law.[1] Pursuant to the Slayer's Act, if Menard is found to be responsible for the decedent's homicide, he is deemed to have predeceased the decedent and as a result, the decedent's heirs, who are the other Defendants in this action, would have viable claims to the proceeds of the Policy. Complaint ¶ 15.

Rule 22 of the Federal Rules of Civil Procedure allows disinterested stakeholders to deposit funds into a court's registry if the stakeholder is "or may be exposed to double or multiple liability." Since Prudential was concerned about the prospect of incurring double or multiple liability, it filed the Complaint and requested that the Court determine the correct persons or persons to whom Prudential should pay the Policy's proceeds. Complaint ¶ 21. Shortly after Prudential filed its Complaint, Menard filed his Answer and Counterclaim for breach of contract and bad faith. In his Counterclaim, Menard alleges, inter alia, that Prudential breached the terms of the Policy by delaying its payment of the proceeds. Menard further alleges that by delaying the payment of the proceeds, Prudential acted in bad faith. Counterclaim ¶ 9.

Prudential seeks to discover what the State records indicate regarding the status of Menard as a suspect in the murder of the decedent, as this information is material to the issues of Prudential's liability on Menard's bad faith claim and resulting damages. Upon information and belief, the requested information would lead to the discoverability of admissible evidence

---

[1] R.I. Gen. Laws § 33-1.1-11 provides in relevant part as follows: "(a) Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent or as the survivor of a joint life policy, even though such policy or certificate was procured and maintained by the slayer and even though he or she paid all the premiums, shall be paid as if the slayer had predeceased the insured."



#828915v1

supporting the grounds for Prudential's decision to defer paying the insurance proceeds to Menard while the State continues its investigation of the decedent's murder, and that Prudential's decision to defer such payment to Menard was made in good faith on the basis that Menard was, and presently remains, a suspect in the decedent's homicide. While Prudential has evidence of its end of its contacts with the State, it is now seeking confirmatory information from the State so it can put on a complete case on this issue.

On July 10, 2007, Prudential issued Subpoenas Duces Tecum to the State seeking any and all records and documents in the State's possession, custody, or control, relating to the investigation file of the decedent. The State objected to the Subpoenas Duces Tecum. Thereafter, in an attempt to narrow the scope of discovery sought, but still obtain the discovery sought, Prudential served Interrogatories on the State. The State objected to almost all of Prudential's Interrogatories. As noted by the Court in its August 30, 2007 Order, the information that Prudential now seeks is the same information sought by Prudential's Interrogatories. Specifically, Prudential is seeking to compel responsive answers to Interrogatories directed to the Rhode Island State Police, Nos. 2-5, 9-13, 15, and 17-18, and Interrogatories directed to the Rhode Island Department of the Attorney General, Nos. 2-5, 9-13, 15, and 18.

## II. LAW AND ARGUMENT

### A. The State's Burden For Establishing the Law Enforcement Privilege

The Supreme Court first recognized a qualified privilege for certain information related to law enforcement activities in Rovario v. United States, 353 U.S. 53, 77 (1957). The court in Rovario noted however, that the "scope of the privilege is limited by its underlying purpose." Id. at 60. "Rather than an absolute privilege, the law enforcement privilege is a qualified common



#828915v1

law privilege incorporated under Fed. R. Civ. P. 26(b)[2] As such, the party claiming the privilege bears the burden of justifying the application of the privilege. Doe v. Hudgins, 175 F.R.D. 511, 514 (N.D. Ill, 1997). [Parties relying on the privilege], therefore, must explain with particularity the reasons that the information sought is privileged." Myhre v. Ditzler, Case No. 05 C 50074, 2006 U.S. Dist. LEXIS 6452, 11-12 (N.D. Ill, February 21, 2006). A party invoking a privilege bears the burden of showing facts establishing the privilege, which require more than mere conclusory statements. Von Bulow v. Von Bulow, 811 F.2d 136, 144-146 (2nd Cir.), cert denied, 481 U.S. 1015 (1987). "Evidentiary privileges in litigation are not favored, and even those rooted in the Constitution must give way in proper circumstances. The President, for example, does not have an absolute privilege against disclosure of materials subpoenaed for a judicial proceeding. United States v. Nixon, 418 U.S. 683 (1974)." Herbert v. Lando, 441 U.S. 153, 175 (U.S. 1979).

**B. The Law Enforcement Privilege Does Not Apply**

The law enforcement privilege limits the disclosure of information that would reveal investigatory techniques and procedures and otherwise prevent interference with an investigation. Although the State is claiming that the information Prudential seeks is protected by a qualified law enforcement privilege, other than this conclusory statement, the State does not provide any particularized explanation as to why the privilege should attach to particular documents or testimony under the present circumstances.

---

[2] The purpose of the law enforcement privilege is to 'prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. In re Dept. of Investigation of City of New York, 856 F.2d 481, 485 (2nd Cir, 1988).

Prudential is a defendant in a claim for bad faith for not paying the proceeds of an insurance policy to Menard as the primary beneficiary. After the decedent's death, Menard submitted his claim for benefits accompanied by a death certificate of the decedent that indicated the decedent's cause of death as "pending further studies." Prudential then conducted its own investigation into the decedent's death and during this investigation, Prudential was regularly informed by the Rhode Island State Police that the decedent's death was considered a homicide and that Menard was a suspect in the decedent's murder. As a result, Prudential deferred paying the proceeds of the policy to Menard pending the conclusion of the State's investigation.

"The interest of the party seeking disclosure tends to be strongest when the information in question is highly relevant, helpful, and unavailable from other sources. See United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977); United States v. Leggett & Platt, Inc., 542 F.2d 655, 659 (6th Cir. 1976), cert. denied, 430 U.S. 945, 51 L. Ed. 2d 792, 97 S. Ct. 1579 (1977). Indeed, a showing that the information 'is relevant and helpful to the defense...or is essential to a fair determination of a cause,' may be sufficient to overcome an assertion of privilege. Roviaro, 353 U.S. at 60-61. The scope of a privilege is limited by its underlying purpose, and should not be applied where that purpose would not be served." Association for Reduction of Violence v. Hall, 734 F.2d 63, 66 (1st Cir. 1984).

While Prudential has evidence of its end of its discussions with the State Police, Prudential is entitled to obtain confirming information of those contacts from the State Police so it can give the trier of fact a complete picture of its decision to withhold and interplead the policy proceeds. In addition, this confirming information is also highly relevant to the second phase of the interpleader action itself as it bears directly on whether Menard is entitled to the policy

proceeds. In both instances, evidence from the State Police that Menard was and remains a suspect would be relevant and admissible. It is therefore discoverable.

In its Interrogatories, Prudential is not seeking law enforcement techniques or the identities of law enforcement personnel involved in the criminal investigation of the decedent's murder. Rather, Prudential is seeking information to support its defense against Menard's claims that it was not bad faith for Prudential to defer payment of the insurance policy to Menard because he remains a suspect in the decedent's murder. Many of the Interrogatories only require a "Yes" or "No" response.

The fact that the information sought by Prudential is already known to Menard is also compelling. For example, in disclosing whether Menard was interviewed by the State Police or the number of such interviews, the State is in no way providing information that is unknown to Menard. The remaining interrogatories similarly seek information known to Menard. Moreover, Prudential is not seeking the content or substance of any such interviews. Prudential is also not seeking disclosure of the identities of other suspects or the identities of witnesses or informants in connection with the investigation. The narrow scope of information sought by Prudential thus precludes any hindrance or interference with the investigation and therefore does not implicate the law enforcement privilege. In sum, the information sought is relevant, is not available from any other source, and is not privileged.

The State's reliance on work product and deliberative process privileges is also inapplicable.[3] Prudential is not seeking the mental decisions or impressions of any special or

---

[3] In its Response to Prudential's Interrogatoties, the Rhode Island Department of the Attorney General objected on the grounds of work product and deliberative process privileges, in addition to the law enforcement privilege.

assistant attorney general and is not seeking any attorney work product. The information sought by the interrogatories is purely factual and straightforward and in no way implicates opinions, recommendations or the deliberative process in which the State makes decisions or formulates policies. Therefore, the work product and deliberative process privileges do not shield the State from disclosing the information sought by Prudential. Even if these privileges had been properly invoked, Prudential has demonstrated a substantial need for the information which would override those privileges.

In conclusion, Prudential requests that the Court order the State to produce responsive answers to the Interrogatories listed above, or in the alternative, order the State to produce its entire investigative file to the Court for an in camera inspection.

Dated: September 13, 2007

Respectfully submitted:

**THE PLAINTIFF/COUNTERCLAIM DEFENDANT:**
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

/s/ Mitchell R. Edwards
Mitchell R. Edwards (#6942)
Jeffrey A. Mega (#6441)
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Telephone: 401-274-2000
Facsimile: 401-277-9600
Email: medwards@haslaw.com
Email: jmega@haslaw.com

- and -

/s/ Ben A. Solnit
Ben A. Solnit (admitted Pro Hac Vice)
Robert C. Hinton (admitted Pro Hac Vice)
Tyler Cooper & Alcorn, LLP
555 Long Wharf Drive, 8th Floor
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: 203-784-8200
Facsimile: 203-777-1811
Email: bsolnit@tylercooper.com
Email: rhinton@tylercooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2007 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record listed below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court' s CM/ECF system.

Brenda D. Baum
Attorney General's Office
150 South Main Street
Providence, RI 02903
Telephone: 274-4400 x 2294
Facsimile: 222-3016
Email: bbaum@riag.ri.gov
Attorneys for Movants the Rhode Island State Police and the Rhode Island Department of Attorney General

Richard C. Bicki
56 Pine Street
Suite 200
Providence, RI 02903
Telephone: 228-8338
Facsimile: 274-2780
Email: rbickiesq@aol.com
Attorney for Defendant/Counterclaim Plaintiff Thomas Menard

Jean Alfred Boulanger
Capaldi & Boulanger
1035 Main Street
Coventry, RI 01816
Telephone: 821-3537
Facsimile: 821-9697
Email: jab@cblaw.necoxmail.com
Attorneys for Defendant Adam Shippee

Fred T. Polacek
42 Weybosset Street
Providence, RI 02903
Telephone: 861-5662
Facsimile: 861-4792
Email: fred@fredpolaceklaw.com
Attorney for Defendant/Counterclaim Plaintiff Thomas Menard

/s/ Mitchell R. Edwards
Mitchell R. Edwards