**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** | : | |
| **Plaintiff, Defendant in Counterclaim,** | : | |
| **v.** | : | |
| **THOMAS L. MENARD** | : | **C.A. No.: 06-395T** |
| **Defendant, Plaintiff in Counterclaim,** | : | |
| **and** | : | |
| **ADAM SHIPPEE** | : | |
| **Defendant,** | : | |
| **and** | : | |
| **KYLINA BRAGA, BRANDON SHIPPEE, DYLANA SHIPPEE, And DOES 1-5** | : | |
| **Defendants.** | : | |

**RHODE ISLAND DEPARTMENT OF THE ATTORNEY GENERAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF THE PRUDENTIAL INSURANCE COMPANY's MOTION TO COMPEL**

The Rhode Island Department of Attorney General, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, objected to the subpoena duces tecum served upon it on July 12, 2007 by Plaintiff The Prudential Insurance Company. The subpoena duces tecum sought:

> Any and all records and documents in your possession, custody or control relating to the

investigation file for the homicide of the following individual:
Name: Dawn Michelle Shippee
Date of Birth: xx/xx/xx
SSN#: xxx-xx-xxxx

The Rhode Island Department of Attorney General objected to Plaintiff Prudential's Motion to Compel compliance with the subpoena duces tecum as the death of Dawn Michelle Shippee (dob xx/xx/xx) is an open criminal investigation with the Rhode Island State Police and any records in its possession are protected from disclosure by the law enforcement privilege and/or work product privilege.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure "[p]rivileged matters are, of course, outside the scope of discovery." *Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). The law enforcement privilege is among the panoply of privileges, "routed in common sense as well as common law, . . . [which] share with each other and the constitutional privileges, the common matrix of pragmatic adjustment to the needs of sound government." *Black v. Sheridan Corporation of America*, 564 F.2d 531, 542 (D.C. Cir. 1977).

The law enforcement privilege has been incorporated into various state and federal Freedom of Information Acts. Its purpose:

> . . . is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*In re: Dept. of Investigations of City of New York*, 856 F.2d 481, 484 (2nd Cir. 1988) (Emphasis added). Application of this privilege is committed to the sound discretion of the trial court, *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970),

*United States v. Green*, 670 F.2d 1148, 1156 (D.C. Cir. 1981), and may be interpreted "in the light of reason and experience." Fed. R. Evid. 501. The privilege is qualified, rather than absolute. When the claim of privilege is made, the demanding party has burden of showing his or her need for disclosure. *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 66 (1st Cir.1984). The party seeking the documents must make a threshold showing of need amounting to more than "mere speculation." *Id*. Thus, it is Prudential's burden of proof to show a particularized need for the documents. Prudential's subpoena seeks all documents relating to the investigation into the death of Dawn Michelle Shippee and does not limit it to a specific type of documents or issue. Prudential cannot show a particularized need for every single document relating to the investigation. Prudential references answers that it wants from the State Police and Department of Attorney General regarding the interrogatories it propounded; however, it is the subpoena duces tecum and not the interrogatories that are at issue before this Court.

In addressing whether or not disclosure should be made the court should address the following issues:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery

> or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1345 (D.C. Cir. 1984). The R.I. Department of Attorney General submit that another factor that this Court should take into consideration is whether the release of materials may impact a subsequent criminal trial. As previously stated, the law enforcement privilege has been incorporated into various state and federal Freedom of Information Acts. The Department of Attorney General submits that the federal Freedom of Information Act and its state's counterpart, the Rhode Island Access to Public Records Act, ***R.I. Gen. Laws §38-2-1*** *et seq*. exempt from disclosure documents that "would deprive a person of a right to a fair trial or an impartial adjudication". ***See 5 U.S.C. §552(b)(7)(B)***, *Burge v. Eastburn*, 934 F.2d 577 (5th Cir. 1991) and ***R.I. Gen. Laws § 38-2-2(4)(D)(b)***. The Department of Attorney General submits that it is appropriate for this Court to consider as a factor when conducting the balancing test whether a disclosure of records in response to the subpoena duces tecum may impact any subsequent criminal trial. Accordingly, the Department of Attorney General submits that it is within this Court's discretion to find that the law enforcement privilege exempts from disclosure records that may affect a subsequent criminal court proceeding.

Ultimately, the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference in an investigation." *Morrissey v. The City of New York*, 171 F.R.D. 85, 90 (S.D.N.Y 1997). It is not a requirement that an investigation needs to be ongoing in order for the privilege to be

applicable. ***Morrissey***, 171 F.R.D. at 90 (*citing*, ***Borchers v. Commercial Union Assur. Co.***, 874 F.Supp. 78, 80 (S.D.N.Y.1995); ***Black***, 564 F.2d at 546 (D.C.Cir.1977)). "As Judge Cote makes clear in ***Borchers***, the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed. ***Borchers***, 874 F.Supp. at 80." ***Id***.

This Court acknowledged the First Circuit's most recent decision addressing the law enforcement privilege: ***Commonwealth of Puerto Rico v. United States***, 490 F.3d 50 (1st Cir. 2007). In ***Commonwealth of Puerto Rico v. United States***, *supra*. the First Circuit reviewed its prior decision accepting the law enforcement privilege in ***United States v. Cintolo***, 818 F.2d 980, 983-84 (1st Cir1987) wherein it held that there existed:

> a qualified privilege for the " disclosure of confidential government surveillance information," explaining that " discoverability of this kind of information will enable criminals to frustrate future government surveillance and perhaps unduly jeopardize the security of ongoing investigations." ***Id***. We emphasized that the privilege could be overcome by a sufficient showing of need, and thus concluded that courts must determine on a case-by-case basis whether a party has " demonstrated an authentic ' necessity,' given the circumstances, to overbear the qualified privilege." ***Id***.

490 F.3d at 62. The ***Commonwealth of Puerto Rico*** Court conducted a more extensive analysis of the privilege; acknowledging the privilege's acceptance and application in other federal jurisdictions. It explained that:

> Other circuits have explicitly acknowledged a broader privilege for law enforcement materials. The D.C. Circuit has explained that the privilege for investigatory materials is " rooted in common sense as well as common law," noting that "law enforcement operations cannot be effective if conducted in full public view" and that the public has an interest in " minimizing disclosure of documents that would tend to reveal law enforcement investigative techniques or sources." ***Black v. Sheraton Corp. of Am***.,564 F.2d 531, 542, 545 (D.C.Cir.1977). Similarly, in ***In re Department of Investigation of the City of New York***, 856 F.2d 481 (2d

> Cir.1988), the Second Circuit explained:
>
> > [T]he law enforcement privilege [ ] has been recognized in the absence of a statutory foundation, and [ ] is largely incorporated into the various state and federal freedom of information acts. The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.
>
> ***Id***. at 483-84 (citations and footnotes omitted); ***see also*** *United States v. **Amodeo***, 44 F.3d 141, 147 (2d Cir,1995)(citing ***In re Dep't of Investigation***). Most recently, the Fifth Circuit acknowledged " the existence of a law enforcement privilege beyond that allowed for identities of confidential informants" in a case involving documents containing " information about ongoing criminal investigations-including investigative leads, law enforcement methods and techniques, internal investigative memoranda, and identifying information relating to witnesses and law enforcement personnel, including undercover operatives." ***In re U.S. Dep't of Homeland Sec.*** The court remanded for the district court to make an in camera determination regarding the privilege, noting that the rationale for such a privilege is " even more compelling now" because " in today's times the compelled production of government documents could impact highly sensitive matters relating to national security." ***Id***. at 569.

***Id***. at 62-62. Ultimately, based on the facts presented, the ***Commonwealth of Puerto Rico*** Court extended its interpretation of the law enforcement privilege to prohibit the disclosure of law enforcement techniques and procedures (490 F.3d at 64) and names and other personal information about individual FBI agents (490 F.3d 68-69)("[c]ourts have explained that 'individuals, including government employees and officials, have privacy interests in the dissemination of their names. Public disclosure of the names of FBI agents and other law enforcement personnel … could subject them to embarrassment and harassment in the conduct of their official duties and personal affairs.").

The *Commonwealth of Puerto Rico* decision supports the Department's objection to the subpoena and many of the interrogatories posed by Plaintiff Prudential. Records or

information the Department may have were obtained from the State Police in its' investigation of the homicide of Dawn Michelle Shippee. The State Police are engaged in an open and active investigation. The release of law enforcement procedures, techniques, medical evidence, statements and investigatory evidence could jeopardize this investigation, thwart governmental processes by discouraging citizens from giving the government information and potentially impact upon persons who have given information of having their identities disclosed.

Moreover, the mental decisions or impressions of special or assistant attorney generals are protected from disclosure based upon the work product and deliberative process privileges. Federal courts have long recognized a policy against exploring into the mental process of governmental decision makers. *N.O. v. Callahan*, 110 F.R.D. 637, 642 (D. Mass. 1986); *Gomez v. City of Nashua New Hampshire*, 126 F.R.D. 432 (D. N.H. 1989). This privilege is known as the "governmental," or "deliberative process" privilege. *Rodgers v. Hyatt*, 91 F.R.D. 399, 404 (D. Colorado 1980); *Kinoy v. Mitchell*, 67 F.R.D. 1, 10-11 (S.D.N.Y. 1975). The purpose of this long-standing privilege is to prevent injury to the quality of governmental decisions. The United States Supreme Court has described the scope and rational of the privilege as follows:

> the cases uniformly rest the privilege on the policy of protecting the "decision making process of government agencies and focus on documents" reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decision and policies are formulated."

*N.L.R.B. v. Sears Roebuck and Company*, 421 U.S. 132, 150 (1975) (citations omitted). Any notes, documents, etc. by prosecutors of the R.I. Department of Attorney General also constitutes work product and should not be disclosed.

The R.I. Department of Attorney General contends that the Prudential Insurance Company has not demonstrated that it has exhausted other available means of discovery to obtain information, such as a request for production of documents to Defendant Menard seeking any and all discovery documents from ***State of Rhode Island v. Thomas Menard*** (Rhode Island Superior Court, Kent County, C.A. No. K2-03-0545A) or obtained public documents from the court file. The Department of Attorney General submits that the law enforcement balancing test weighs in favor of preserving the integrity of an open criminal investigation and the work product of prosecutors.

Wherefore, the R.I. Department of Attorney General prays that this Court deny the motion to compel based upon the law enforcement privilege. In the event that this Court conduct an in camera review it requests the opportunity seeking to file an *ex parte* statement regarding the impact of impact of the law enforcement privilege on the release of any such documents. If the Court order any documents produced it prays that the Court do so under seal.

Respectfully Submitted,

RHODE ISLAND DEPARTMENT OF
ATTORNEY GENERAL

By its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Brenda D. Baum

BRENDA D. BAUM (#5184)
Assistant Attorney General
RI Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2294
Fax: (401) 222-3016
bbaum@riag.ri.gov

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 9th of October, 2007, to the attorney(s) of record listed below:

Richard C. Bicki, Esq.
rbickiesq@aol.com

Jean Alfred Boulanger, Esq.
jab@cblaw.necoxmail.com

Mitchell R. Edwards, Esq.
medwards@haslaw.com

Robert C Hinton, Esq.
rhinton@tylercooper.com

Jeffrey A. Mega, Esq.
jmega@haslaw.com

Fred T. Polacek, Esq.
fred@fredpolaceklaw.com

Ben Solnit, Esq.
bsolnit@tylercooper.com

**/s/ Brenda D. Baum**