**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**
**Plaintiff.**
**Defendant in Counterclaim**

**V.**

**THOMAS L. MENARD**
**Defendant.**
**Plaintiff in Counterclaim**

**V.**

**ADAM SHIPPEE**
**Defendant.**

**And**

**KYLINA BRAGA, BRANDON SHIPPEE DYLANA SHIPPEE, and DOES 1-5**
**Defendants.**

**CIVIL ACTION NO. 1:06-cv-00395-T-DLM**

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S GRANTING OF RHODE ISLAND STATE POLICE'S AND DEPARTMENT OF ATTORNEY GENERAL'S MOTION REQUESTNG PERMISSION TO SUBMIT AN EX PARTE MEMORANDUM**

The plaintiff, The Prudential Insurance Company of America ("Prudential"), hereby requests reconsideration of the Court's granting of the Rhode Island State Police's and the Rhode Island Department of Attorney General's (collectively, the "State's") motion requesting permission to file an ex parte memorandum. The State contends that it is necessary to file an ex parte memorandum in order to explain to the Court why the limited scope of information that

Prudential is seeking is subject to the law enforcement privilege.[1] The State, however, has not moved to file the claimed evidence under seal in order for the Court to conduct an in camera examination, which is the appropriate method for resolving disputed issues of privilege. The State's motion to file an ex parte memorandum explaining why such evidence is privileged, without first affording the Court the opportunity to examine the claimed documents, is improper and violates Prudential's due process rights.

Our adversarial legal system does not tolerate ex parte determinations on the merits of a civil case. In re Eisenberg, 654 F.2d 1107, 1109 (5th Cir. 1981); Kinoy v. Mitchell, 67 F.R.D. 1, 15 (S.D.N.Y. 1975).

> [T]he right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case. An exception to this principle is made when countervailing government interests dictate that information sought to be discovered should remain secret. Privilege questions are determined on the basis of in-camera, ex parte examination of the evidence.

In re Eisenberg, 654 F.2d at 1109 (emphasis added).

"It is settled that in-camera proceedings are an appropriate means to resolve disputed issues of privilege." Id., citing Kerr v. United States District Court, 426 U.S. 394, 96 S.Ct 2119, 48 L. Ed. 2d 725 (1976). In conducting in camera proceedings, "the court examines the evidence in-camera and balances the individual's interests in the information against the government's need to preclude disclosure." In re Eisenberg, 654 F.2d at 1109.

By conducting an in camera examination, the court can determine whether the information sought by Prudential is privileged and, if so, whether the information can be

[1] As set forth in its September 13, 2007 Motion to Compel (Document 59), Prudential is seeking only answers to a narrowly drawn set of interrogatories, many of which can be answered "yes" or "no'.

redacted or sanitized so that it can be disclosed without implicating the privilege. The court may also prepare its own summary of the privileged material and release that summary to the parties for use in lieu of the original documents. Both of these methods were addressed by the First Circuit in Assoc. for Reduction of Violence v. Hall, 734 F. 2d 63 (1st Cir. 1984). In that case, the First Circuit vacated the district court's grant of partial summary judgment and remanded the case with specific instructions for the court to conduct an in-camera examination.

> Therefore, in light of the foregoing discussion, the district court should begin by making a fresh determination of privilege based on an in-camera examination of the documents as to which privilege is claimed. It is possible, of course, that a party claiming privilege may also seek to use privileged information to present its case or a party's claim of privilege may conflict with another party's claim of access to vital material. In such a situation the district court, having taken the competing interests into account in its initial determination of privilege, still has available at least two methods of avoiding the impasse which might otherwise arise. It may edit or sanitize the documents in question so that they can be disclosed without undue harm to the underlying interests of the party claiming privilege or, if this is not feasible, the court may develop its own summary of the privilege material and release the summary to the parties for use in lieu of the original. The district court's actions in editing, sanitizing, or summarizing material would, of course, be reviewable along with its ruling on privilege. Nothing in the record before us suggests that such an accommodation cannot be reached here.

Id. at 67, 68.

The two aforementioned methods may be applicable here. The only way to know is for the Court to conduct an in camera examination. The State should not be allowed to submit an ex parte memorandum until after it has submitted the information claimed to be privileged to the Court for an in camera examination. Wherefore, Prudential respectfully requests that the Court reconsider its order granting the State's motion to submit an ex parte memorandum, that the Court vacate its order and that the Court instead order that the State may be permitted to file an ex parte memorandum only upon the State's submission to the Court of the information and/or documents for an in camera inspection.

Dated: October 15, 2007

THE PLAINTIFF/COUNTERCLAIM DEFENDANT:
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

/s/Mitchell R. Edwards
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Telephone: 401-274-2000
Facsimile: 401-277-9600
Email: medwards@haslaw.com

and

Robert C. Hinton

Ben A. Solnit (admitted Pro Hac Vice)
Robert C. Hinton (admitted Pro Hac Vice)
Tyler Cooper & Alcorn, LLP
555 Long Wharf Drive, 8th Floor
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: 203-784-8200
Facsimile: 203-777-1811
Email: bsolnit@tylercooper.com
Email: rhinton@tylercooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2007 a copy of the foregoing Motion for Reconsideration of the Court's Granting of Rhode Island State Police's and Department of Attorney General's Motion Requesting Permission to Submit an Ex Parte Memorandum; was filed electronically. Notice of this filing will be sent to those who are currently on the list to receive e-mail notices by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's system.

Robert C. Hinton