**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**<br>**Plaintiff.**<br>**Defendant in Counterclaim**<br><br>**V.**<br><br>**THOMAS L. MENARD**<br>**Defendant.**<br>**Plaintiff in Counterclaim**<br><br>**V.**<br><br>**ADAM SHIPPEE**<br>**Defendant.**<br><br>**And**<br><br>**KYLINA BRAGA, BRANDON SHIPPEE DYLANA SHIPPEE, and DOES 1-5**<br>**Defendants.** | **CIVIL ACTION NO. 1:06-cv-00395-T-DLM** |

**REPLY TO RHODE ISLAND STATE POLICE'S AND DEPARTMENT OF ATTORNEY GENERAL'S OBJECTION TO THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S <u>MOTION TO COMPEL</u>**

Pursuant to LR Cv 7, the plaintiff, The Prudential Insurance Company of America ("Prudential"), hereby replies to the Rhode Island State Police's and the Rhode Island Department of Attorney General's (collectively, the "State's") memorandum of law in support of the State's objection to Prudential's motion to compel. In its Order dated August 30, 2007, the Court stated that it is "especially interested in knowing the basis for the refusal of the State Police and the Department of the Attorney General to provide factual information which is

presumably already known to Mr. Menard (e.g., the information sought by questions 4 – 16). The Court wishes an explanation of how disclosure of the factual information sought by these questions might adversely affect the criminal investigation."

The State has failed to provide the explanation requested by the Court. Instead, the State has provided the Court with a restatement of the general principles of the law enforcement privilege, without any analysis or explanation of how these principles specifically apply to the limited scope of information sought by Prudential.

Rather than focusing on the narrow scope of information sought by Prudential through the interrogatories it propounded to the State[1], many of which can be answered "yes" or "no", the State makes the blanket assertion that Prudential is seeking any and all records and documents in the State's possession, custody or control relating to the investigation file for the homicide of Dawn Michelle Slippee. The State's assertion is wrong. See Prudential's September 13, 2007 Memorandum of Law in Support of Motion to Compel Discovery, p. 7. None of the privileges claimed by the State are implicated by the limited information sought by Prudential.

The State also requests that "[I]n the event that this Court conduct[s] an in camera review, the State Police pray that this Court permit it to file an ex parte memorandum to the Court addressing specifically the exemption for each document." Rhode Island State Police's

[1] In Prudential's memorandum of law in support of its motion to compel, Prudential clearly stated that it "is seeking to compel responsive answers to Interrogatories, directed to Rhode Island State Police, Nos. 2-5, 9-13, 15, and 17-18, and Interrogatories directed to the Rhode Island Department of the Attorney General, Nos. 2-5, 9-13, 15, and 18." Prudential's Memorandum of Law in Support of Motion to Compel Discovery, p. 7. The narrow scope of information sought by Prudential is in accord with the Court's August 30, 2007 Order which provides in relevant part as follows: "Presumably, the information Prudential seeks is the same information sought by the questions which were submitted to counsel for the Rhode Island State Police and the Rhode Island Department of the Attorney General following the August 3, 2007 hearing. If so, Prudential may simply reference those questions in its memorandum."

Memorandum of Law in Support of its Objection to Prudential's Motion to Compel, p. 7. This request is problematic and puzzling because it incorrectly presumes that the State must produce documents to answer Prudential's interrogatories. To the contrary, many of the interrogatories simply require a "yes" or "no" answer, or a factually specific answer without the need for any disclosure of documents. For example, in answering whether Mr. Menard is a suspect in the homicide of his daughter, whether the Rhode Island State Police interviewed Mr. Menard in connection with its investigation into the murder of his daughter, and if so, the number of interviews conducted and the dates on which those interviews were conducted, there is no need for the State to produce any documents. Furthermore, to the extent that the State deems it necessary to disclose documents in answering Prudential's interrogatories, the State should not be permitted to file an ex parte memorandum "addressing specifically the exemption of each document," without first submitting the information and or documents claimed to be privileged to the Court for an in camera examination. See Prudential's October 15, 2007 Motion for Reconsideration, pp. 2 - 3. Therefore, the State's objection to Prudential's motion to compel should be overruled and the State should be ordered to answer Prudential's interrogatories.

Dated: October 15, 2007

THE PLAINTIFF/COUNTERCLAIM DEFENDANT:

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

/s/Mitchell R. Edwards

Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
Telephone: 401-274-2000
Facsimile: 401-277-9600
Email: medwards@haslaw.com

and

Robert C. Hinton

Ben A. Solnit (admitted Pro Hac Vice)
Robert C. Hinton (admitted Pro Hac Vice)
Tyler Cooper & Alcorn, LLP
555 Long Wharf Drive, 8th Floor
P.O. Box 1936
New Haven, CT 06509-0906
Telephone: 203-784-8200
Facsimile: 203-777-1811
Email: bsolnit@tylercooper.com
Email: rhinton@tylercooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2007 a copy of the foregoing Reply to Rhode Island State Police's and Department of Attorney General's Objection to the Prudential Insurance Company of America's Motion to Compel was filed electronically. Notice of this filing will be sent to those who are currently on the list to receive e-mail notices by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's system.

Robert C. Hinton