RECEIVED
AUG 22 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
Plaintiff,
Defendant in Counterclaim,

v.

THOMAS L. MENARD
Defendant,
Plaintiff in Counterclaim,

and

ADAM SHIPPEE
Defendant,

and

KYLINA BRAGA,
BRANDON SHIPPEE,
DYLANA SHIPPEE
And DOES 1-5
Defendants.

CIVIL ACTION NO. 06-395T

**RHODE ISLAND DEPARTMENT OF THE ATTORNEY GENERAL'S RESPONSE TO PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERROGATORIES**

Now comes the Rhode Island Department of the Attorney General and responds to the Interrogatories as follows:

1. Please state whether it is the opinion of the State of Rhode Island Department of the Attorney General that Dawn Shippee was murdered.

   RESPONSE: Objection. The Department asserts the law enforcement privilege, work product privilege and deliberative process privilege.

2. Please state whether Mr. Thomas Leo Menard, DOB: 2/15/41, SSN 513584535, is a suspect in the homicide of his daughter Dawn Shippee.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

3. If your answer to interrogatory number two was yes, please state the approximate date upon which Thomas Menard first became a suspect in the murder of Dawn Shippee.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

4. Please state whether a representative of the Attorney General's office interviewed Thomas L. Menard in connection with its investigation into the murder of Dawn Shippee.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

5. If your answer to question four was yes, please state the number of interviews of Thomas L. Menard that were conducted and provide the dates on which those interviews were conducted.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

6. Please state the locations of each of the interviews identified in your answer to question number five.

<u>RESPONSE:</u> Objection based on the law enforcement privilege, work product and deliberative process privilege.

7. Please give the approximate length of each interview identified in your response to question number five.

<u>RESPONSE</u>: Objection based on the law enforcement privilege, work product and deliberative process privilege.

8. Please identify all persons present during any and all interviews of Thomas L. Menard conducted in connection with the Attorney General's investigation into the murder of Dawn Shippee.

<u>RESPONSE:</u> Objection based on the law enforcement privilege, work product and deliberative process privilege.

9. Please identify the persons who interviewed Thomas L. Menard in connection with the investigation into the murder of Dawn Shippee.

<u>RESPONSE</u>: Objection based on the law enforcement privilege, work product and deliberative process privilege.

10. Please state whether Thomas L. Menard ever refused to answer a question while being interviewed by the Attorney General's office in connection with the investigation into the murder of Dawn Shippee.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

11. Please state whether Thomas L. Menard ever terminated an interview that was being conducted by the Attorney General's office into the death of Dawn Menard Shippee while that interview was in progress.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

12. If your answer to question number eleven was yes, please state the reason(s) given by Menard, if any, for terminating the interview.

RESPONSE: Objection based on the law enforcement privilege, work product and deliberative process privilege.

13. Please state whether Thomas L. Menard ever refused to meet with the Attorney General's office during the course of its investigation of the murder of Dawn Shippee.

RESPONSE: Objection, this request seeks information that is not relevant and is protected by the law enforcement privilege.

14. Please state whether Thomas L. Menard ever postponed, for one week or longer, any meeting requested by the Attorney General's office.

<u>RESPONSE</u>: Objection, this request seeks information that is not relevant and is protected by the law enforcement privilege.

15. Please state whether Thomas L. Menard ever refused to provide information or evidence requested by the Attorney General's office in connection with the investigation into the death of Dawn Shippee.

<u>RESPONSE</u>: Objection, this request seeks information that is not relevant and is protected by the law enforcement privilege.

16. Please state whether Thomas L. Menard ever delayed in providing, for one week or longer, any information or evidence requested by the Attorney General's office in connection with the investigation into the death of Dawn Shippee.

<u>RESPONSE</u>: Objection, this request seeks information that is not relevant and is protected by the law enforcement privilege

17. Please state whether the Attorney General's office's investigation into the murder of Dawn Shippee is an active and ongoing investigation.

<u>RESPONSE</u>: Objection. The Department asserts the law enforcement privilege, work product privilege and deliberative process privilege. Without waiving said objection, the Rhode Island Department of Attorney General does not have an open case file on the death of Dawn Michelle Shippee. The Department of

Attorney General's case file in *State of Rhode Island v. Thomas Menard* – K2/03-0545A is a closed file. Thomas Menard plead *nolo contendere* to charges of License or Permit Required for Carrying Pistol (R.I. Gen. Laws § 11-47-8) and Possession of Marijuana (R.I. Gen. Laws § 21-28-4.01).

18. Did the Attorney General's office ever conclude that Thomas L. Menard was not cooperating fully in its investigation into the murder of Dawn Shippee.

RESPONSE: Objection. The Department asserts the law enforcement privilege, work product privilege and deliberative process privilege.

19. If your answer to question eighteen was yes, state the basis for the opinion of the Attorney General's office that Thomas L. Menard was not cooperating fully in the investigation into the murder of Dawn Shippee.

RESPONSE: Objection. The Department asserts the law enforcement privilege, work product privilege and deliberative process privilege.

Respectfully submitted,

RHODE ISLAND DEPARTMENT
OF THE ATTORNEY GENERAL

Brenda D. Baum (5184)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2294
Fax: (401) 222-3016

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 21st of August 2007, to the attorney(s) of record listed below:

**Edward P. O'Leary**
eoleary@fitzhughlaw.com

**Richard C. Bicki, Esq.**
rbickiesq@aol.com

**Jean Alfred Boulanger, Esq.**
jab@cblaw.necoxmail.com

**Joseph M. Codega, Esq.**
jcodega@fitzhughlaw.com

**Fred T. Polacek, Esq.**
fred@fredpolaceklaw.com

**/s/ Brenda D. Baum**

**CERTIFICATION**

I hereby certify on this 21st day of August 2007 that a true copy of the within document was mailed, first class, postage prepaid to counsel of record:

Mitchell R. Edwards, Esq.
Hinckley, Allen Snyder, LLP.
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

**/s/ Brenda D. Baum**