RECEIVED
AUG 22 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>Plaintiff,<br>Defendant in Counterclaim,<br><br>v.<br><br>THOMAS L. MENARD<br><br>Defendant,<br>Plaintiff in Counterclaim,<br><br>and<br><br>ADAM SHIPPEE<br><br>Defendant,<br><br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br><br>Defendants. | CIVIL ACTION NO. 06-395T |

**RHODE ISLAND STATE POLICE'S RESPONSES TO THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERROGATORIES**

Pursuant to the Court's Order dated August 3, 2007 issued in connection with the above-entitled action, now come the Rhode Island State Police and respond to the interrogatories as follows:

1. Please state whether it is the opinion of the Rhode Island State Police that Dawn Shippee was murdered.

RESPONSE: The State Police state that the manner of death of Dawn Michelle Shippee was homicide.

2. Please state whether Mr. Thomas Leo Menard, DOB: 2/15/41, SSN 513584535, is a suspect in the homicide of his daughter Dawn Shippee.

RESPONSE: Objection, this interrogatory seeks information protected by the law enforcement privilege. Without waiving said objection, the Rhode Island State Police acknowledge that the attached Exhibit A is a true and accurate copy of a document issued to the Plaintiff Prudential.

3. If Thomas L. Menard is a suspect in the murder of Dawn Shippee please state the approximate date on which he was identified as a suspect in that murder.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

4. Please state whether the Rhode Island State Police interviewed Thomas L. Menard in connection with its investigation into the murder of Dawn Shippee.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege

5. If your answer to question four was yes, please state the number of interviews of Thomas L. Menard that were conducted and provide the dates on which those interviews were conducted.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

6. Please state the locations of each of the interviews identified in your answer to question number four.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

7. Please give the approximate length of each interview identified in your response to question number four.

RESPONSE: Objection. The State Police assert that such information is not

relevant and is protected by the law enforcement privilege.

8. Please identify all persons present during any and all interviews of Thomas L. Menard conducted in connection with the State Police's investigation into the murder of Dawn Shippee.

<u>RESPONSE</u>: Objection: The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

9. Please identify the persons who interviewed Thomas L. Menard in connection with the investigation into the murder of Dawn Shippee.

<u>RESPONSE</u>: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

10. Please state whether Thomas L. Menard ever refused to answer a question while being interviewed by the Rhode Island State Police in connection with the investigation into the murder of Dawn Shippee.

<u>RESPONSE</u>: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

11. Please state whether Thomas L. Menard ever terminated an interview that was being conducted by the State Police into the death of Dawn Shippee while that interview was in progress.

<u>RESPONSE</u>: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

12. If your answer to question number eleven was yes, please state the reason(s) given by Menard, if any, for terminating the interview.

<u>RESPONSE</u>: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

13. Please state whether Thomas L. Menard ever refused to meet with the Rhode Island State Police during the course of the State Police's investigation of the murder of Dawn Shippee.

<u>RESPONSE</u>: Objection. The State Police assert that such information is not

relevant and is protected by the law enforcement privilege.

14. Please state whether Thomas L. Menard ever postponed, for one week or longer, any meeting requested by the Rhode Island State Police in connection with the investigation into the murder of Dawn Shippee.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

15. Please state whether Thomas L. Menard ever refused to provide information or evidence requested by the Rhode Island State Police in connection with the State Police's investigation into the death of Dawn Shippee.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

16. Please state whether Thomas L. Menard ever delayed in providing, for one week or longer, any information or evidence requested by the Rhode Island State Police in connection with the State Police's investigation into the death of Dawn Shippee.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

17. Please state whether the State Police's investigation into the murder of Dawn Shippee is an active and ongoing investigation.

RESPONSE: The Rhode Island State Police's investigation of the homicide of Dawn Michelle Shippee is an open and active investigation.

18. Did the Rhode Island State Police ever conclude that Thomas L. Menard was not cooperating fully in the State Police's investigation into the murder of Dawn Shippee.

RESPONSE: Objection. This request is irrelevant and protected by the law enforcement privilege.

19. If your answer to question eighteen was yes, state the basis for the Rhode Island State Police's conclusion that Thomas L. Menard was not cooperating fully in the State Police's investigation into the murder of Dawn Shippee.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

20. Please state whether the Rhode Island State Police ever applied for a search warrant to search the home of Thomas L. Menard in connection with the State Police's investigation into the murder of Dawn Shippee.

RESPONSE: Yes

21. If the answer to question number twenty was yes, please state whether the State Police's application for a search warrant was granted and by whom.

RESPONSE: The search warrant was granted by Judge McLaughlin of the Rhode Island District Court on March 11, 2003. See Exhibit B: search warrant - which is a public record in the Superior Court file of *State of Rhode Island v. Menard*, K2-2003-0545A.

22. Please state whether Thomas L. Menard was able to account for his whereabouts to the satisfaction of the State Police during the time period in which Dawn Shippee was murdered.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

23. Please state whether the State Police obtained a DNA sample from Thomas L. Menard in connection with the investigation into the murder of Dawn Shippee.

RESPONSE: Objection. The State Police assert that such information is not relevant and is protected by the law enforcement privilege.

24. Please state whether the State Police searched Thomas L. Menard's truck in connection with the investigation into the murder of Dawn Shippee.

RESPONSE: See Exhibit C: search warrant - which is a public record in the Superior Court file of *State of Rhode Island v. Menard*, K2-2003-0545A.

Cpl. [signature] #127
Corporal Arthur Kershaw
Detective Division
Rhode Island State Police

Subscribed to and sworn to before me this 21st day of August 2007.

[signature: Adrienne Roy]
Notary Public
My Commission Expires: 12/15/2008

As to Objections:

[signature]
Brenda D. Baum (5184)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2294
Fax: (401) 222-3016

**CERTIFICATION**

I hereby certify that I have electronically mailed the foregoing document on this 21st of August 2007, to the attorney(s) of record listed below:

**Edward P. O'Leary**
eoleary@fitzhughlaw.com

**Richard C. Bicki, Esq.**
rbickiesq@aol.com

**Jean Alfred Boulanger, Esq.**
jab@cblaw.necoxmail.com

**Joseph M. Codega, Esq.**
jcodega@fitzhughlaw.com

**Fred T. Polacek, Esq.**
fred@fredpolaceklaw.com

**/s/ Brenda D. Baum**

**CERTIFICATION**

I hereby certify on this 21st day of August 2007 that a true copy of the within document was mailed, first class, postage prepaid to counsel of record:

Mitchell R. Edwards, Esq.
Hinckley, Allen Snyder, LLP.
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

**/s/ Brenda D. Baum**

# EXHIBIT A

Rhode Island State Police
Detective Bureau
311 Danielson Pike
North Scituate, Rhode Island 02857

Capt. Steven G. O'Donnell
Detective Commander

Voice: 401-444-1155
FAX: 401-444-1133

May 8, 2003

Sergeant Kevin Hopkins
Rhode Island State Police

Mr. Thomas Bardelli
Prudential Insurance Company

Mr. Bardelli, pursuant to our previous conversation, Mr. Thomas Leo Menard DOB: 2/15/41 SS# 513584535, is a suspect in the Homicide of his daughter Dawn Shippee.

Kevin

Kevin P. Hopkins
Sergeant

TOTAL P.01

# EXHIBIT B

# State of Rhode Island and Providence Plantations
# Complaint to Search and Seize Property / or Person

TO ____ Justice of the Supreme, Superior Court, or Judge of the District Court of the State of Rhode Island

a) Detective Benjamin Barney, Member of the Division of State Police.

b) ____ a person authorized by law to bring complaints for violation of the law which it is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses:

ON OATH COMPLAINS THAT:

(1) Certain property has been stolen or embezzled, or obtained by false pretenses, or pretenses, with intent to cheat or defraud within this state or elsewhere.

(2) Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law;

(3) Certain property is designed or intended for use, or is or has been used in violation of law, or as a means of committing a violation of law;

(4) ____

and prays that a warrant to search for and seize said property/person be issued and if the same be subject to forfeiture, that the property be forfeited.

The person/property or articles to be searched for and/or seized is described as follows:

**Any and all clothing worn by Thomas Menard on 12-27-02, videos, written documents, receipts, firearms, cigareetes and blunt force weapons which may pertain to the death of Dawn Shippee.**

The name of the owner or keeper, thereof (if known) is: **Patrica Lindstrom**

The place or person to be searched is described as follows: **15 Orchard Street, West Warwick, RI, a wood framed two story dwelling, yellow in color with green shutters and surrounding curtilage.**

Your complainant prays that said warrant may be served in the night time for the reason that: ____

Subscribed and sworn to before me:

[signature]
Judge/Justice

3/11/03
Date

[signature]
Complainant

11

# Search Warrant

| State Ex rel | Member of the Rhode Island State Police | County: Kent |
|---|---|---|
| vs. Respondent | **15 Orchard Street, West Warwick, RI, a wood framed two story dwelling, yellow in color with green shutters and surrounding curtilage.** | TO: An Officer authorized by law to execute the within warrant, ______ |

Complaint and affidavit having been made to me under oath, ______ and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the______ Division of the District Court of Rhode Island.

Place or person to be searched: **15 Orchard Street, West Warwick, RI, a wood framed two story dwelling, yellow in color with green shutters and surrounding curtilage.**

Property or articles to be searched for: **Any and all clothing worn by Thomas Menard on 12-27-02, videos, written documents, receipts, firearms, cigarettes and blunt force weapons which may pertain to the death of Dawn Shippee.**

Name of owner, or keeper, thereof if known to complainant: **Patricia Lindstrom**

Said warrant shall be served in the daytime – may be served in the nighttime – within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A JUDGE SITTING IN THE ABOVE NAMED COURT.

Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not and MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A JUDGE THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a judge sitting in the above named court.

Issued at Warwick in the county of Kent this 11th day of March, A.D. 2003

Judge of the District Court
Justice of the Supreme/Superior Court

ACKNOWLEDGMENT OF RETURN

Warrant received on the 25th day of April 2002, from ____ at Wal

~~Judge~~ Clerk

X ________________________

US HAR 25 PM 12:37
SUPV DISTRICT COURT
CLERK

# EXHIBIT C

# State of Rhode Island and Providence Plantations
# Complaint to Search and Seize Property / or Person

TO ____ Justice of the Supreme, Superior Court, or Judge ~~of the~~ District Court of the State of Rhode Island.

a) Detective Benjamin Barney, Member of the Division of State Police.

b) ____ a person authorized by law to bring complaints for violation of the law which it is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses:

ON OATH COMPLAINS THAT:

(1) Certain property has been stolen or embezzled, or obtained by false pretenses, or pretenses, with intent to cheat or defraud within this state or elsewhere.

(2) Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law;

(3) Certain property is designed or intended for use, or is or has been used in violation of law, or as a means of committing a violation of law;

(4) ____

and prays that a warrant to search for and seize said property/person be issued and if the same be subject to forfeiture, that the property be forfeited.

The person/property or articles to be searched for and/or seized is described as follows:

**Any and all human blood, hair fibers, fingerprints, saliva, blunt force instruments, dirt, dust, soil, documents , receipts, or any other evidence pertaining to the death of Dawn Shippee.**

The name of the owner or keeper, thereof (if known) is: **Thomas Menard**

The place or person to be searched is described as follows: **Rhode Island Registration 93457, a 1984 Chevrolet pick-up truck, color blue, VIN 2GCCC14D8E1183568**

Your complainant prays that said warrant may be served in the night time for the reason that: ____

Subscribed and sworn to before me:

3/11/03
Date

[signature]
Judge/Justice

[signature]
Complainant

11

# Search Warrant

| | | |
|---|---|---|
| State Ex rel | Member of the Rhode Island State Police | County: Kent |
| vs. Respondent<br>Rhode Island Registration 93457, a 1984 Chevrolet pick-up truck, color blue, VIN 2GCCC14D8E1183568 | | TO: An Officer authorized by law to execute the within warrant, ______ |

Complaint and affidavit having been made to me under oath, ______ and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the 3rd Division of the District Court of Rhode Island.

Place or person to be searched: Rhode Island Registration 93457, a 1984 Chevrolet pick-up truck, color blue, VIN 2GCCC14D8E1183568

Property or articles to be searched for: Any and all human blood, hair fibers, fingerprints, saliva, blunt force instruments, dirt, dust, soil, documents , receipts, or any other evidence pertainining to the death of Dawn Shippee.

Name of owner, or keeper, thereof if known to complainant: Thomas Menard

Said warrant shall be served in the daytime -- may be served in the nighttime -- within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A JUDGE SITTING IN THE ABOVE NAMED COURT.

Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not and MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A JUDGE THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a judge sitting in the above named court.

Issued at Warwick in the county of Kent this 11th day of March A.D. 2003

Judge of the District Court
Justice of the Supreme/Superior Court

ACKNOWLEDGMENT OF RETURN

Warrant received on the 25th day of March, 2003 from ______ at Kent

~~Judge~~ clerk