UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br>Plaintiff/Defendant in Counterclaim,<br>v.<br>THOMAS L. MENARD,<br>Defendant/Plaintiff in Counterclaim,<br>and<br>ADAM SHIPPEE,<br>Defendant,<br>and<br>KYLINA BRAGA, BRANDON SHIPPEE, DYLANA SHIPPEE, and DOES 1-5,<br>Defendants. | : | CA 06-395 T |

**ORDER**
**DENYING MR. MENARD'S**
**MOTION FOR PROTECTIVE ORDER**

Before the Court is the Motion for Protective Order (Document ("Doc.") #60) filed by Defendant Thomas L. Menard ("Mr. Menard"). A hearing was conducted on October 17, 2007.

Mr. Menard seeks a protective order postponing his deposition, which had been scheduled for September 17, 2007,[1] "to a future date agreed upon by the parties." Motion for Protective

[1] The Motion for Protective Order was filed the same date, September 17, 2007. See Docket.

Order at 1. In support of this motion, Mr. Menard's counsel states that Mr. Menard injured his knee at work during the week of September 10, 2007, see id., and that as a result of this injury Mr. Menard was unable to work the following week and could "only get about with the assistance of two canes," id. Mr. Menard's counsel additionally states that the injury has caused Mr. Menard's leg to swell and has resulted in debilitating pain. See id. at 2. For these reasons, his counsel argues that "Mr. Menard is in no condition to testify at a lengthy deposition at either the office of local counsel in this case or at his home." Id.

Prudential opposes what it describes as Mr. Menard's request for "an opened-ended protective order." Memorandum in Opposition to Motion for Protective Order (Doc. #62) ("Prudential's Opp.") at 2. It notes that September 17, 2007, was its fourth attempt to depose Mr. Menard, see id., that previous dates had been canceled because he filed a motion for a protective order or because of the unavailability of his counsel, see id. at 1-2, and that the Motion for Protective Order is unsupported by any confirming documentation of his medical complaints, see id. at 2.

Prudential additionally notes that at a September 25, 2007, status conference Senior Judge Ernest C. Torres indicated that the next order of business in the case would be the appointment of a guardian ad litem for the minor defendants. See id. Prudential indicates that it agrees with this approach and also agrees that the appointment should take place before Mr. Menard is deposed so that the guardian can attend the deposition. See id. Therefore, Prudential requests that the Motion for Protective Order be denied and that Mr. Menard "be ordered to appear to be deposed within sixty days after the appointment of a guardian ad litem at a date to be determined by counsel, and that this date, once set, may not be postponed unilaterally by Mr.

Menard, by motion for protective order or otherwise." Id.

In light of the above circumstances, the Court finds that Prudential's request is reasonable. Accordingly, **the Motion for Protective Order is DENIED.**

Mr. Menard is ordered to appear for deposition within sixty days after the appointment of a guardian ad litem at a date to be determined by counsel,[2] and that this date, once set, may not be postponed unilaterally by Mr. Menard, by motion for protective order or otherwise. In other words, Mr. Menard must appear for the deposition at the scheduled place, date, and time unless he has obtained permission from this Court not to appear.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 18, 2007

[2] "Counsel" here refers to Prudential's counsel, Mr. Menard's counsel, and the guardian ad litem. If all counsel cannot agree upon a mutually convenient date that is within sixty days of the date of the guardian ad litem's appointment, counsel for Prudential shall select a date. In such case, Prudential must give all parties at least 21 days notice of the scheduled deposition.