UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff/Defendant in Counterclaim, | : | |
| v. | : | CA 06-395 T |
| THOMAS L. MENARD, Defendant/Plaintiff in Counterclaim, | : | |
| and | : | |
| ADAM SHIPPEE, Defendant, | : | |
| and | : | |
| KYLINA BRAGA, BRANDON SHIPPEE, DYLANA SHIPPEE, and DOES 1-5, Defendants. | : | |

**MEMORANDUM AND ORDER RE**
**MOTIONS TO COMPEL AND**
**FOR RECONSIDERATION**

Before the Court are two motions:

1. Motion to Compel Discovery (Document ("Doc.") #59) filed by Plaintiff The Prudential Insurance Company of America ("Prudential" or "Plaintiff"); and

2. Plaintiff's Motion for Reconsideration of Court's Granting of Rhode Island State Police's and Department of Attorney General's Motion Requesting Permission to Submit an Ex Parte Memorandum (Doc. #70) ("Motion for Reconsideration").

**I. Motion to Compel Discovery**

Some background relative to this motion is in order. On July 23, 2007, the Rhode Island State Police ("State Police") and

the Rhode Island Attorney General ("R.I. Attorney General") filed objections to subpoenas duces tecum which had been served upon them by Prudential. See Docket; see also Rhode Island State Police's Objection to the Subpoena Issued by the Plaintiff The Prudential Insurance Company (Doc. #36) ("State Police Objection to Subpoena"); Rhode Island Attorney General's Objection to the Subpoena Issued by the Plaintiff The Prudential Insurance Company (Doc. #37) ("Attorney General's Objection to Subpoena") (collectively the "Objections to Subpoenas"). Each subpoena duces tecum sought production of "[a]ny and all records and documents in your possession, custody, or control relating to the investigation file for the homicide of ... Dawn Michelle Shippee[1] ...." Objections to Subpoenas, Exhibit ("Ex.") A (Subpoena Duces Tecum) at 3 (Schedule A). The Objections to Subpoenas were referred to this Magistrate Judge for determination. See Docket (entry for 7/24/07).

On August 3, 2007, the Court conducted a hearing on the Objections to Subpoenas. In an attempt to resolve the dispute the Court ordered Prudential's counsel to submit written questions to counsel for the State Police and the R.I. Attorney General, setting forth the information which Prudential sought

---

[1] Dawn Michelle Shippee ("Ms. Shippee") died on or about December 29, 2002. See Prudential Insurance Company of America's Complaint for Interpleader Relief (Doc. #1) ("Complaint") ¶ 2. Her life was insured under a policy issued by Prudential. See id. Defendant Thomas Menard ("Mr. Menard") is named as the primary beneficiary on that policy, and he submitted a claim to Prudential for the proceeds on or about April 16, 2003. See id. ¶ 9. Prudential states in its Complaint that it was informed by the State Police that Ms. Shippee's death was considered to be a homicide, that an investigation into her death was ongoing, and that Mr. Menard was a suspect. See id. ¶ 11. On September 1, 2006, Prudential filed the instant interpleader action, see Docket, seeking, inter alia, to deposit the proceeds of the policy with accumulated interest with the Clerk of the Court and to be discharged from all liability for any insurance proceeds payable on account of the death of Dawn Shippee, see Complaint (Prayer for Relief).

from the subpoenaed records of the State Police and the R.I. Attorney General.[2] See Tape of 8/3/07 Hearing. The Court, however, indicated that the State Police and the R.I. Attorney General could decline to answer the questions posed, and it scheduled a further hearing on the matter for August 30, 2007. See id.; see also Docket.

At the August 30, 2007, hearing, the Court determined that:

> [Prudential] had complied with the Court's order of August 3, 2007, and submitted written questions to counsel for the ... State Police and the ... [R.I.] Attorney General setting forth the information which Prudential seeks from the subpoenaed records of the State Police and the [R.I.] Attorney General. The State Police and Department of the Attorney General had similarly complied with the Order of 8/3/07 by responding to the questions. The responses included a large number of objections based on the law enforcement privilege, the work product privilege, the deliberative process privilege, and relevancy. Based on the number of objections, the Court concluded that its attempt to resolve the dispute about production of the subpoenaed records was unsuccessful.

Order Following August 30, 2007, Hearing (Doc. #57) ("Order of 8/30/07") at 2 (citations, internal quotation marks, and footnote omitted).

After making the above determination, the Court ordered Prudential to file within ten days a motion to compel compliance with its subpoenas and to explain in the memorandum which accompanied that motion "what information it seeks to obtain from the subpoenaed records and why it needs that information." Order

---

[2] The Court ordered this procedure after observing that, because Prudential sought records pertaining to an open homicide investigation, it was unlikely that the Court would order production of more than a very small percentage of such records and that even those records would probably be highly redacted. Given this circumstance, the Court questioned whether it was a good utilization of judicial resources to undertake an *in camera* review of a presumably voluminous file.

of 8/30/07 at 2-3 (footnote omitted). In a footnote, the Court indicated that presumably the information which Prudential was seeking was the same information sought by the questions which Prudential submitted to counsel for the State Police and the R.I. Attorney General following the August 3, 2007, hearing. See id. at 3 n.2. The footnote continued: "If so, Prudential may simply reference those questions in its memorandum. However, Prudential should still explain in its memorandum why it needs this information." Order of 8/30/07 at 3 n.2.

The Court also directed the State Police and the R.I. Attorney General to timely file their objections to the motion to compel and to set forth in the accompanying memoranda all of the grounds for their objections. See id. at 3. The Court indicated that thereafter it would conduct a hearing on the motion to compel and the objections thereto. See id.

Prudential filed its Motion to Compel Discovery on September 13, 2007. The State Police and the R.I. Attorney General (collectively the "State") filed their objections on October 1, 2007. The Court heard argument on the motion and objections on October 17, 2007.

At the hearing, counsel for Prudential stated that it was seeking to compel the State Police to answer interrogatories 2-5, 9-13, 15, and 18 and to compel the R.I. Attorney General to answer the same interrogatories.[3] See Tape of 10/17/07 Hearing. The Court, however, elects to treat the motion as seeking to

---

[3] At the October 17, 2007, hearing, Prudential's counsel provided the Court with copies of the responses of the State Police and the R.I. Attorney General to the interrogatories. The Court has designated these two documents as hearing exhibits. See 10/17/07 Hearing Exhibit ("Ex.") 1 (Rhode Island Department of the Attorney General's Response to Prudential Insurance Company of America's Interrogatories) ("Attorney General's Responses"); 10/17/07 Hearing Ex. 2 (Rhode Island State Police's Responses to the Prudential Insurance Company of America's Interrogatories) ("State Police's Responses").

compel the State Police and the R.I. Attorney General to produce the records which contain information responsive to the interrogatories identified by Prudential's counsel at the October 17, 2007, hearing. The Court does so because it is unclear whether a non-party can be compelled to answer interrogatories. Compare Halpin v. Cummings, No. 01-3188-MLB, 2005 WL 2099546, at *2 n.5 (D. Kan. Aug. 29, 2005)("Only parties to litigation can be compelled to answer interrogatories ...."), with Alexander v. F.B.I., 186 F.R.D. 208, 210 (D.D.C. 1999)(stating that the court "required [a non-party] to answer interrogatories submitted by plaintiffs"). In addition, the Court sees little point in requiring Prudential to serve new subpoenas duces tecum on the State for records containing the information sought by the specified interrogatories. Prudential's attempts to obtain this information from the State and the State's resistance thereto have already been the subject of three lengthy hearings. There comes a point when practicality outweighs the benefits of procedural exactness.[4] That point has been reached with reference to the instant dispute.

Thus, to the extent that the State objects to the Motion to Compel Discovery because it seeks to compel the State to answer specified interrogatories, the State's objection is overruled. As explained above, the Court treats the motion as seeking production of documents containing the information sought by the specified interrogatories. Such treatment is consistent with the

[4] The unusual procedural course which this discovery dispute has taken is primarily attributable to the State's initial decision to file objections to the subpoenas duces tecum with the Court rather than moving to quash or modify them pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii). Thus, since its own actions are hardly a model of procedural correctness, the contention that Prudential should be required to start this process anew (by serving new subpoenas for documents containing information responsive to the specified interrogatories) is viewed unfavorably.

arguments contained in Prudential's Memorandum of Law in Support of Motion to Compel Discovery ("Prudential's Mem.")[5] and advanced by Prudential's counsel at the October 17, 2007, hearing. Therefore, to the extent that the State objects to the Motion to Compel Discovery on the ground that the subpoenas are overly broad and unduly burdensome because they seek all records relating to the investigation file for the homicide of Dawn Michelle Shippee ("Ms. Shippee"), the objection is overruled.

Having disposed of any procedural objections to the Motion to Compel Discovery, the Court proceeds to consider whether the law enforcement privilege applies to the documents which are the subject of the motion. Prudential asserts that the privilege does not apply, and Prudential faults the State for "not provid[ing] any particularized explanation as to why the privilege should attach to particular documents or testimony under the present circumstances." Prudential's Mem. at 8. Prudential maintains that it is not "seeking ... identities of law enforcement personnel involved in the criminal investigation of the decedent's murder." Prudential's Mem. at 10. However, Interrogatory 9, which is propounded in identical form to the R.I. Attorney General and the State Police, asks for the identity of the persons who interviewed Mr. Menard in connection with the investigation into the murder of Ms. Shippee. See 10/17/07

[5] Prudential's Memorandum of Law in Support of Motion to Compel Discovery ("Prudential's Mem.") states in relevant part:

> [T]he information that Prudential now seeks is the same information sought by Prudential's Interrogatories. Specifically, Prudential is seeking to compel responsive answers to Interrogatories directed to the Rhode Island State Police, Nos. 2-5, 9-13, 15, and 17-18, and Interrogatories directed to the Rhode Island Department of the Attorney General, Nos. 2-5, 9-13, 15, and 18.

Prudential's Mem. at 7.

Hearing Ex. 1 (Rhode Island Department of the Attorney General's Response to Prudential Insurance Company of America's Interrogatories) ("Attorney General's Responses") at 3; 10/17/07 Hearing Ex. 2 (Rhode Island State Police's Responses to the Prudential Insurance Company of America's Interrogatories) ("State Police's Responses") at 3. Thus, contrary to Prudential's claim, it does seek, at least with regard to the documents containing information responsive to Interrogatory 9, the identities of law enforcement personnel involved in the investigation.

The First Circuit has indicated that names of law enforcement personnel participating in investigations may be protected by the law enforcement privilege. See Puerto Rico v. United States, 490 F.3d 50, 68 (1st Cir. 2007)("'Public disclosure of the names of FBI agents and other law enforcement personnel ... could subject them to embarrassment and harassment in the conduct of their official duties and personal affairs.'") (quoting Massey v. F.B.I., 3 F.3d 620, 624 (2nd Cir. 1993)) (alteration in original); id. ("federal law enforcement officials 'have the right to be protected against public disclosure of their participation in law enforcement investigations'")(quoting Jones v. F.B.I., 41 F.3d 238, 246-47 (6th Cir. 1994)(quoting Ingle v. Dep't of Justice, 698 F.2d 259, 269 (6th Cir. 1983))). Thus, I find that as to Interrogatory 9 the law enforcement privilege is implicated.

Prudential also asserts that it "is not seeking the mental decisions or impressions of any special or assistant attorney general and is not seeking any attorney work product." Prudential's Mem. at 10-11. Yet, Interrogatory 18 directed to the R.I. Attorney General asks whether the Attorney General's office ever concluded that Mr. Menard was not cooperating fully in its investigation into the murder of Ms. Shippee. See

Attorney General's Responses at 6. It is difficult to imagine how documents containing information responsive to this interrogatory would not reflect mental decisions or impressions and/or work product of a member of that department. Such mental decisions or impressions could also implicate the law enforcement privilege. See In re United States Dep't of Homeland Sec., 459 F.3d 565, 570 (5th Cir. 2006)(stating that among the factors to be considered in determining whether the law enforcement privilege applies to documents is "whether the information sought is factual data or evaluative summary"); SEC v. Rosenfield, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997)(finding that defendant's attempt to conduct Rule 30(b)(6) deposition of SEC implicated both attorney work product and law enforcement privilege). Thus, I find that Interrogatory 18 directed to the R.I. Attorney General also implicates the law enforcement privilege.

Even if the Court were to disregard these two interrogatories, I find that the documents sought by the remaining questions may be protected by the law enforcement privilege. I base this finding on the State's representation that "[t]he State Police are engaged in an open and active investigation," Rhode Island Department of the Attorney General's Memorandum of Law in Support of Its Objection to Plaintiff The Prudential Insurance Company's Motion to Compel ("State's A.G. Mem.") at 7,[6] of the homicide of Ms. Shippee, see id. Cf. In Re United States Dep't of Homeland Sec., 459 F.3d at 568 (stating that files concerning parts of a homicide investigation which was

---

[6] The pages of the State's memorandum are not numbered. See Rhode Island Department of the Attorney General's Memorandum of Law in Support of Its Objection to Plaintiff The Prudential Insurance Company's Motion to Compel ("State's A.G. Mem."). The State's attention is directed to DRI LR Cv 5(a)(3) ("Where a document is more than one page in length, the pages shall be numbered at the bottom center of each page.").

then still open "are the outstanding example of matter which is privileged and which is not subject to disclosure"); Borchers v. Commercial Union Assurance Co., 874 F.2d 78, 80 (S.D.N.Y. 1995) (denying motion to hold fire marshal in contempt for failing to produce reports where there was "an open investigation" of the fire).

In short, the Court rejects Prudential's blanket assertion that the information sought by the Motion to Compel Discovery does not implicate the law enforcement privilege. The Court concludes that an *in camera* review of the documents which contain the information sought by the specified interrogatories is necessary. See Puerto Rico v. United States, 490 F.3d 50, 64 n.10 (1st Cir. 2007)(noting that an *in camera* review of the requested materials may aid in assessing the government's interest in preserving the confidentiality of sensitive law enforcement techniques and the party's interest in disclosure); In Re United States Dep't of Homeland Sec., 459 F.3d at 570 (directing district court to review documents at issue *in camera* and "balance 'the government's interest in confidentiality against the litigant's need for the documents'")(quoting Coughlin v. Lee, 946 F.2d 1152, 1160 (5th Cir. 1991)).

Accordingly, the Court orders the State to submit by November 12, 2007, for *in camera* review those documents which contain information responsive to Interrogatories No. 2-5, 9-13, 15, and 17-18 directed to the State Police and Interrogatories No. 2-5, 9-13, 15, and 18 directed to the R.I. Attorney General. The State is not to submit the entire investigative file, but only those documents which contain the information necessary to answer the questions contained in the enumerated interrogatories. If there are multiple documents which are responsive to a single interrogatory, the State is not to submit all of the documents. Rather, the State is to select from those multiple documents the

minimum number which will fully answer the question posed by that particular interrogatory. In some instances, a single document may contain such information, and it will be unnecessary to submit any additional documents relative to that interrogatory. It is also possible that in some instances a single document may contain information sufficient to fully answer more than one interrogatory.

To assist the Court, the State should identify in some manner what document corresponds to a particular interrogatory. If a single document answers more than one interrogatory, this circumstance should be noted. Lastly, to minimize the burden on the State, if it so chooses, as to those interrogatories which can be answered yes or no, in lieu of submitting documents responsive to those interrogatories the State may simply answer the interrogatories and submit such answers for *in camera* review by the Court.

**II. Motion for Reconsideration**

Prudential requests that the Court reconsider its order granting the State's motion to submit an ex parte memorandum, that the Court vacate its order, and that the Court instead order that the State may file an ex parte memorandum only upon the State's submission to the Court of the information and/or documents for an *in camera* inspection. See Motion for Reconsideration at 3. Since the Court has now ordered the State to submit the documents for *in camera* review, this motion may be largely moot. However, to the extent that it is not moot, the Motion for Reconsideration is DENIED. The Court in its Order of 8/30/07 authorized the State to file a motion requesting permission to submit the explanation which the Court desired on an ex parte basis "[i]f this explanation cannot be provided without jeopardizing the very consideration which prompts the assertion of the law enforcement privilege ...." Order of

8/30/07 at 3 n.3. The State's request to submit an ex parte memorandum was made pursuant to the Order of 8/30/07, and the Court is unpersuaded that it should vacate the order which granted that request.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 29, 2007