**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

**Plaintiff,**
**Defendant in Counterclaim,**

**v.**

**THOMAS L. MENARD**

**Defendant,**
**Plaintiff in Counterclaim**

**and**

**ADAM SHIPPEE**

**Defendant,**

**and**

**KYLINA BRAGA,**
**BRANDON SHIPPEE,**
**DYLANA SHIPPEE**
**And DOES 1-5**

**Defendants.**

**CIVIL ACTION NO. 06-395T**

**DEFENDANT ADAM SHIPPEE'S MEMORANDUM OF LAW REGARDING COMPENSATION OF THE GUARDIAN AD LITEM**

As directed by the Court, this memorandum of law addresses the question of who should be responsible for compensating the appointed guardian ad litem related to this litigation.

## I. FACTS AND PROCEDURAL BACKGROUND

On May 24, 2007, the Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed a Motion for Appointment of Guardian Ad Litem that was unopposed. By agreement of the parties, James McGair, Esq. was named as the Guardian ad litem for the minor Defendants Kylina Braga, Brandon Shippee and Dylana Shippee per the stipulation dated October 22, 2007.

## II. LAW REGARDING THE COMPENSATION OF GUARDIANS AD LITEM

Rule 54(d)(1) of the Federal Rules of Civil Procedure, which governs costs other than attorneys' fees, states that "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs…".

The First Circuit Court of Appeals has not ruled on the issue of whether or not a court appointed guardian ad litem's fees are taxable as costs. See U.S. v. Bevilacqua, 447 F.3d 124, 129 (1st Cir. 2006). However, the Fifth Circuit Court of Appeals held that federal district courts retain the discretion to award guardian ad litem fees as court costs and assess them against nonprevailing parties. Gladdis v. U.S., 381 F.3d 444, 459 (5th Cir. 2004). The decision explained that under Rule 17 (c) of the Federal Rules of Civil Procedure, the district courts have the inherent authority and discretion to determine whether a guardian ad litem needs to be appointed, who will be appointed, whether the guardian ad litem will be compensated and what the basis of the value of the services will be (so long as acting as guardian ad litem capacity and not attorney ad litem capacity), and whether the compensation to the guardian ad litem will be treated as (1) a court cost

to be taxable against the nonprevailing party or (2) as an expense to be payable out of any funds recovered by or payable to the minor. Id. at 455.

In addition to the Fifth Circuit, the Fourth, Eight, Tenth and D.C. Circuits have ruled that guardian ad litem fees can be taxed as court costs. The Fourth Circuit remanded a case to the district court to determine which costs were attributable to the role of guardian ad litem as opposed to attorney ad litem and to charge them against the nonprevailing party pursuant to the court's authority under Rule 54 (d). Kollsman v. Cohen, 996 F.2d 702, 706 (4th Cir. 1993). The Eight Circuit, back in 1930, allowed guardian ad litem fees to be taxed as costs under Federal Equity Rule 70. Franz v. Buder, 38 F.2d 605, 606 (8th Cir. 1930). The Tenth Circuit upheld taxing guardian ad litem fees as costs against the nonprevailing party under Rule 54 (d). Hull v. United States, 53 F.3d 1125, 1128 (10th Cir. 1995). Finally, the D.C. Circuit held that the district court properly allowed guardian ad litem fees to be taxed as costs. Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, 854 (D.C. Cir. 1981).

The Sixth Circuit avoided the issue in its reversing a district court order providing for one of the parties to pay costs associated with a class action settlement administrator hired to disburse a settlement. In re Cardizem CD Antit., 481 F.3d 355, 364 (6th Cir. 2007). The court did, however, explain that other jurisdictions, including the Ninth Circuit, have reached different conclusions on the issue. Id. at 364.

## III. ARGUMENT

Under the Federal Rules of Civil Procedure and relevant case law, the Court possesses the authority and discretion to order the source of compensation for the guardian ad litem. In addition, there is case law that stands for the proposition that that

the guardian's fees, to the extent they are not attorneys' fees, may be paid as a cost by the nonprevailing party. See Gladdis, 381 F.3d at 455. Moreover, in addition to the Court's authority under Federal Rule of Civil Procedure 17 (c) to appoint a guardian ad litem for the minors, the Court "shall make such other order as it deems proper for the protection of the infant or incompetent person."

In this case, the parties have agreed that a guardian ad litem should be appointed for the minor Defendants. Currently, no judgment has been made on the pleadings to determine who the prevailing party would be in the matter. It would be unfair to have the minor Defendants or Defendant Adam Shippee pay for the guardian ad litem should those parties fail to recover any of the proceeds, as they were brought into this action by an interpleader. While there is authority that the nonprevailing party could be held responsible for the payment of the guardian ad litem's fees, the circumstances of this case are such that the fair and equitable solution would be to deduct the guardian's fees from the insurance proceeds.

Here, the Court should use its inherent equity power to deduct the guardian ad litem's fees from the insurance proceeds. The Order on Monies Deposited into the Court's Registry dated August 7, 2007 reveals that there is a total death proceeds payable of $163,870.70, of which $53,676.72 was deposited as interest alone. In this case, the guardian ad litem's fees will likely be minimal in comparison to the amount of proceeds payable. At this time, there is no evidence that any of the parties to this litigation are acting in bad faith and it is unclear as to what party will prevail in the action. In addition, none of the parties were opposed to the appointing of a guardian for the minor

Defendants. Therefore, the fair and equitable solution would be for the Court to order that the guardian ad litem's fees be paid out the insurance proceeds.

## IV. CONCLUSION

Due to the circumstances of this case, the Court should order that the guardian ad litem's fees be paid out of the insurance proceeds.

Dated: November 26, 2007

DEFENDANT,
ADAM SHIPPEE
By his attorney,

/s/Jean A. Boulanger________
Jean A. Boulanger (#2574)
Capaldi and Boulanger
1035 Main Street
Coventry, RI 02816
Telephone: (401) 821-3537
Facsimile: (401) 821-9697
jab@cblaw.necoxmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2007 a copy of the foregoing Memorandum of Law was filed electronically. Notice of this filing will be sent to those who are currently on the list to receive e-mail notices by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's system.

/s/Jean A. Boulanger________
Jean A. Boulanger