UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>Plaintiff,<br>Defendant in Counterclaim,<br>v.<br><br>THOMAS L. MENARD<br><br>Defendant,<br>Plaintiff in Counterclaim,<br>and<br><br>ADAM SHIPPEE<br><br>Defendant,<br>and<br><br>KYLINA BRAGA,<br>BRANDON SHIPPEE,<br>DYLANA SHIPPEE<br>And DOES 1-5<br><br>Defendants. | CIVIL ACTION NO. 1:06-cv-00395-T-DLM |

**MEMORANDUM OF LAW REGARDING COMPENSATION FOR THE COURT APPOINTED GUARDIAN AD LITEM**

As directed by the Court in its order filed November 11, 2007, defendant, Thomas Menard (hereinafter Menard) submits the following memorandum relating to attorney's fees which may be generated by the court-appointed *guardian ad litem*.

This interpleader action was commenced by the Prudential Insurance Company of America (hereinafter Prudential) on or about September 1, 2006. The action was filed by Prudential after Menard obtained counsel to pursue his rights as beneficiary under the life

insurance policy which Prudential Insurance issued on the life of Dawn Shippee. Defendant Menard initially made claim for the proceeds of that policy in or about March of 2003, four months after the death of Dawn Shippee. For a period in excess of three years Menard received no payments as beneficiary under that policy. He continually received the same response to that claim with no payment. Menard was repeatedly advised that Prudential was investigating the claim[1]. Only after inquiry was made by Menard's legal representative in April of 2006 did Prudential act.

Prudential's response to inquiry from Menard's counsel was to file the instant interpleader action. In its complaint, Prudential named as competing claimants, Thomas Menard (sole beneficiary of the policy), Adam Shippee (decedent's husband), Kylina Braga, Brandon Shippee and Dylana Shippee (decedent's minor children). It should be noted that none of the defendants, other than Menard, had made a claim for the proceeds of said policy at the time this interpleader action was commenced. Of further note is the fact that none of the defendants, other than Menard, currently makes claim to the proceeds of said policy.

It is obvious from Prudential's complaint that its sole concern in filing this action is to avoid further liability and exposure to multiple claims. The complaint fails to explain the extensive delay in filing its action and its concern for multiple claims despite the fact that none have been made to date.

Due to the inclusion of the minor defendants who are unrepresented, this Court ordered a guardian to be appointed. Prudential now seeks to have the fees for that appointed guardian paid out of the funds that have been deposited in the Registry of the Court.

[1] It should be noted that although Prudential claims it "conducted its own investigation"; no proof of that fact has come forth to date.

## I. THE AWARD OF FEES FOR THE GUARDIAN AD LITEM IS A MATTER OF JUDICIAL DISCRETION

It is widely recognized that "whether a court should allow a party who commences an interpleader action to recover his attorney's fees and costs of the action is a matter committed to judicial discretion." In re. Robby's Pancake House of Florida, Inc. vs. Walker, 24 B. R. 989 (Bkrtcy., E.D. Tenn., 1982). The general rule in the 1st Circuit is that attorney's fees are awarded in interpleader actions "…to compensate a totally disinterested stakeholder who had been, by reason of the possession of the fund, subjected to conflicting claims through no fault of its own". American General Life Insurance Company v Churchill, 2006 WL 2948086 (D. Me.). See also, Ferber Co. v. Ondrick, 310 F.2d.462. (1st Cir., 1962). However, the "general rule" is excepted where the initiator of the interpleader action is an insurance company. The Court in American General v. Churchill, noted "...courts have denied applications for attorney's fees from insurance companies in interpleader actions under three separate theories." (slip opinion page 2) The court went on to identify the theories as such, "When an insurance company brings an interpleader action concerning disputed claims of a kind that usually arise in the course of its business, fees should not be granted to its counsel. Underlying this rationale is the precept that insurance companies are uniquely positioned to allocate the ordinary costs of doing business among their policy holders. Second, insurance companies are by definition interested stakeholders, because the interpleader action immunizes the company from further liability under the contested policy…" And finally the Court noted as its third rationale, "Third, such an award would senselessly deplete the fund that is the subject of preservation through interpleader."

While it is clear that the above references pertain to counsel fees to compensate the insurer bringing the interpleader action, the rationale is equally applicable to the fees for the

instant *guardian ad litem.* The necessity for the appointment of a guardian in the instant action has been created by the inclusion of minor children who have made no claims to the proceeds of the fund. To order those fees to be paid from the fund clearly would senselessly deplete the fund that is the subject of preservation through interpleader. There can be no question that the appointment of a guardian in this case clearly protects the interest of the plaintiff, Prudential, by immunizing it from any potential claim which might exist for the minor children. Lastly, the appointment in this interpleader action is the kind of dispute that arises in the ordinary course of the plaintiff's business and Prudential is positioned so as to allocate the fees as the ordinary cost of their doing business.

**CONCLUSION**

Defendant Menard has no objection to the appointment of a *guardian ad litem* in this case, but believes the fees should not be paid from the funds held in the Registry of the Court. For the foregoing reasons defendant Menard urges this court to order that the fees generated by that appointment be paid by Prudential.

DEFENDANT
THOMAS MENARD

/s/Fred T. Polacek_______________
Fred T. Polacek (#2710)
55 Dorrance Street, Suite 200
Providence, RI 02903
Telephone: 401-861-5662
Facsimile: 401-861-4792
Email: fred@fredpolaceklaw.com

And

/s/Richard C. Bicki______________
Richard C. Bicki (#1772)
RICHARD C BICKI, P.C.
56 Pine Street
Providence, RI 02903
Telephone: 401-228-8338
Facsimile: 401-274-2780
Email: rbickiesq@aol.com