UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff/Defendant in Counterclaim, | : | |
| v. | : | CA 06-395 T |
| THOMAS L. MENARD, Defendant/Plaintiff in Counterclaim, | : | |
| and | : | |
| ADAM SHIPPEE, Defendant, | : | |
| and | : | |
| KYLINA BRAGA, BRANDON SHIPPEE, DYLANA SHIPPEE, and DOES 1-5, Defendants. | : | |

**ORDER**
**FOLLOWING IN CAMERA REVIEW**

In accordance with the procedure set forth in the Memorandum and Order Re Motions to Compel and for Reconsideration (Document ("Doc.") #77) ("Order of 10/29/07"), the Rhode Island State Police ("State Police") and the Rhode Island Attorney General ("R.I. Attorney General") (collectively the "State") have submitted for *in camera* review documents which contain information responsive to Interrogatories Nos. 2-5, 9-13, 15, and 17-18 directed to the State Police and Interrogatories Nos. 2-3 directed to the R.I. Attorney General. See Order of 10/29/07 at 9. As for the other interrogatories directed to the R.I. Attorney General, see id., the State has represented that "[t]he Department of Attorney General does not have any documents that

would be responsive to Interrogatories Nos. 4-5, 9-13 or 15,"[1] Rhode Island Department of Attorney General's Production of Records for in Camera Review Pursuant to October 29, 2007[,] Court Order (Doc. #82) ("R.I. Attorney General's Production Statement").[2]

After reviewing the documents submitted and applying the required balancing of interests as to each item of information sought by Prudential, see Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007), the Court finds that the information

---

[1] This statement leaves unanswered whether the Department of Attorney General has any documents responsive to Interrogatory No. 18 ("Did the Attorney General's office ever conclude that Thomas L. Menard was not cooperating fully in its investigation into the murder of Dawn Shippee." 10/17/07 Hearing Exhibit ("Ex.") 1 (Rhode Island Department of Attorney General's Response to Prudential Insurance Company of America's Interrogatories) at 6). However, as the Court has previously indicated, Interrogatory No. 18 seeks documents which would "reflect mental decisions or impressions and/or work product of a member of [the R.I. Department of Attorney General]," Order of 10/29/07 at 8, and that "[s]uch mental decisions or impressions could also implicate the law enforcement privilege," id. In the interest of avoiding additional motion practice, the Court deems it advisable to state that even if the R.I. Attorney General has documents responsive to Interrogatory No. 18, the Court is unlikely to find that the information contained in those records should be disclosed to Prudential. The State's interest in preserving the confidentiality of the mental decisions and impressions of prosecutors and other employees in the Department of Attorney General would appear on its face to outweigh Prudential's need for the information. See Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1343 (D.C. Cir. 1984)(stating that among factors to be considered in applying law enforcement privilege is "whether the information sought is factual data or evaluative summary"); see also Ass'n for Reduction of Violence v. Hall, 734 F.2d 63, 66 (1st Cir. 1984)(noting "privilege for intra-governmental memoranda containing opinions or recommendations of policy-making rather than purely factual import").

[2] The Court has directed that the covering document which the R.I. Attorney General submitted with the sealed records be made part of the record. See Rhode Island Department of Attorney General's Production of Records for in Camera Review Pursuant to October 29, 2007[,] Court Order (Doc. #82) ("R.I. Attorney General's Production Statement"). The records submitted with the covering document remain sealed and will not be released.

contained in the accompanying Summary of Records Reviewed in Camera ("Summary"),[3] which is being issued in both a redacted and an unredacted version, should be released to Prudential.[4] However, the information contained in the Summary may only be used by the parties in connection with the instant case, and it is not to be disseminated or disclosed to non-parties. If any party finds its necessary to incorporate information contained in the Summary into a future filing, such filing must be under seal in order to prevent the dissemination of the information to a non-party.[5]

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 4, 2007

---

[3] Where it is not feasible to edit or sanitize documents for which a privilege is claimed, "the court may develop its own summary of the privileged material and release the summary to the parties for use in lieu of the original." Ass'n for Reduction of Violence, 734 F.2d at 68. This circumstance applies here.

[4] The parties will receive copies of both the redacted and unredacted Summary. The information which is redacted in the public version appears in italics in the unredacted version. Only the redacted version will be accessible through the Court's Electronic Case Filing System.

[5] There may be some information in the Summary which has already appeared elsewhere in the record (e.g., in the Complaint). The prohibition against dissemination and the requirement for sealing only applies to information which appears in the Summary and nowhere else in the record. Thus, if a party is able to cite to another document or source for the information, the fact that the same information appears in the summary does not mean that the party is prohibited from disseminating the information or incorporating it into a future unsealed filing.